Robert P. Goe – State Bar No. 137019
Brandon J. Iskander – State Bar No. 300916
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210, Bldg. D
Irvine, CA 92614
rgoe@goeforlaw.com
biskander@goeforlaw.com
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Attorneys for Defendant
Prominence Capital Partners, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JARED HUNTER SCARTH,<br><br>      Debtor.<br>_____<br><br>JARED H. SCARTH,<br><br>      Plaintiff,<br><br>v.<br><br>TODD L. TUROCI,<br>CHRISTOPHER J. TUROCI,<br>WESTERN STAR FINANCIAL, INC.,<br>PROMINENCE CAPITAL PARTNERS, LLC,<br>and DOES 1-100, INCLUSIVE,<br><br>      Defendants. | Case No. 6:23-bk-10960-WJ<br><br>Chapter 13 Proceeding<br><br>Adv. No.: 6:23-ap-_____-WJ<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1452**<br><br>**Status Conference:**<br><br>Date:    [To be set by Court]<br>Time:    [To be set by Court]<br>Place:    Courtroom 304<br>           3420 Twelfth Street<br>           Riverside, CA 92501 |

      **TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRPTCY JUDGE, PLAINTIFF JARED H. SCARTH, DEFENDANTS TODD L. TUROCI, CHRISTOPHER J. TUROCI, WESTERN STAR FINANCIAL, INC., AND TO ALL INTERESTED PARTIES:**

      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1452, Federal Rule of Bankruptcy Procedure 9027, Local Bankruptcy Rule 9027-1(a), 28 U.S.C. Section 157(a) and General Order

No. 13-05 of the United States District Court for the Central District of California, PROMINENCE CAPITAL PARTNERS, LLC, a California limited liability company ("PCP" or "Defendant"), hereby gives notice of removal of the action entitled *Jared H. Scarth v. Turoci, et. al*, Case Number CVSW2301837 ("Action") from the Superior Court of the State of California, County of Riverside ("State Court"), to the United States Bankruptcy Court for the Central District of California, Riverside Division ("Bankruptcy Court"), based on the following facts:

**A.    The Parties**

1.    PCP is a California limited liability company having its principal place of business in Los Angeles County, California.

2.    Jared Hunter Scarth ("Debtor" or "Plaintiff") is an individual residing in Riverside County, California and is currently the Debtor in *In re Jared Hunter Scarth*, Case No. 6:23-bk-10960-WJ, a bankruptcy case pending before the United States Bankruptcy Court for the Central District of California, Riverside Division since March 14, 2023.

3.    Todd L. Turoci is an individual residing or having his principal place of business in Riverside County, California.

4.    Christopher J. Turoci is an individual residing or having his principal place of business in Los Angeles County, California.

5.    Western Star Financial, Inc. is a California Corporation having its principal place of business in Riverside County, California.

6.    Debtor borrowed sums currently due and owing to PCP and Western Star Financial, Inc. pursuant to promissory notes and deeds of trust duly recorded against the real property located at 31222 Mangrove Avenue, Temecula, CA 92592 ("Property").

**B.    The Action**

7.    On March 13, 2023, Plaintiff filed or caused to be filed the following documents:

a.    a Verified Complaint for: 1. Breach of Contract; 2. Slander of Title, 3. Fraud (Concealment & Misrepresentation), 4. Conspiracy, 5. Promissory Estoppel, 6. Wrongful Foreclosure, 7. Violation of Business and Professions Code Section 17200,

and 8. Breach of Fiduciary Duty / Violation of State Bar Rule 3-300 ("Complaint") in State Court initiating the Action. A true and correct copy of the Complaint filed in the Action in State Court is attached hereto and incorporated herein as **Exhibit "1."**

b.   a Civil Case Cover Sheet, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "2."**

c.   a Certificate of Counsel, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "3."**

d.   a Summons to the Defendants, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "4."**

e.   an Ex Parte Application for Temporary Restraining Order and Order to Cause re Preliminary Injunction, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "5."**

f.   a Declaration of Notice Regarding Ex-Parte Application for Temporary Restraining Order, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "6."**

g.   a Declaration of Jared Scarth in support of the Ex Parte Application, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "7."**

h.   a Notice of Department Assignment, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "8."**

i.   a Notice of Case Management Conference, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "9."**

8.      On March 15, 2023, the State Court entered a Minute Order on the Ex-Parte Hearing on the Application for Temporary Restraining Order noting that the Action was stayed in light of Debtor's bankruptcy. A true and correct copy of the March 15, 2023 Minute Order is attached hereto and incorporated herein as **Exhibit "10."**

3

9.      A true and correct copy of Action's case summary available on the State Court's website as of April 6, 2023 is attached hereto and incorporated herein as **Exhibit "11."**

**C.    The Bankruptcy Filing**

10.     On March 14, 2023 ("Petition Date"), Debtor filed a petition under Chapter 13 of the Bankruptcy Code initiating *In re Jared Hunter Scarth*, Case No. 6:23-bk-10960-WJ.  Accordingly, the Action in State Court is currently stayed.

11.     PCP wishes to exercise its rights under the provisions of 28 U.S.C. § 1452 and related provisions to remove this action from the State Court to this Bankruptcy Court.  This Bankruptcy Court has original jurisdiction pursuant to 28 U.S.C. § 1334 in that the action is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(B) and (O).  Specifically, the Action concerns the validity, priority and extent of liens on the Property, as well as allowance of claims against the estate since Plaintiff has stated an intention to seek to invalidate Defendant PCP and Western Star Financial, Inc.'s lien rights as part and parcel of his Chapter 13 plan.

12.     This Notice of Removal is signed pursuant to the provisions or Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

13.     PCP consents to entry of final orders or judgment by the Bankruptcy Court.

Respectfully submitted by,

Dated:  April 6, 2023                    **GOE FORSYTHE & HODGES LLP**

By: /s/ Brandon J. Iskander
Robert P. Goe
Brandon J. Iskander
Attorneys for Defendant Prominence
Capital Partners, LLC

# EXHIBIT 1

# EXHIBIT 1

GARY A SAUNDERS (SBN 144385)
SAUNDERS & ASSOCIATES, APC
4000 MACARTHUR BLVD., STE. 600
NEWPORT BEACH, CA 92660-2517
Telephone: (949) 844-8445
Fax: (949) 449-8722
Email: gary@saundersapc.com

Attorney for Plaintiff
JARED H. SCARTH

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 1 3 2023

J. PRENDERGAST

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE – CIVIL DIVISION

JARED H. SCARTH,

                    Plaintiff,

          vs.

TODD L. TUROCI, CHRISTOPHER J.
TUROCI, THE TIROCI FIRM, INC.,
WESTERN STAR FINANCIAL, INC.,
PROMINENCE CAPITAL PARTERS,
LLC, and DOES 1-100, INCLUSIVE

                    Defendants.

Case No.   CVSW 2301837

PLAINTIFF's VERIFIED COMPLAINT
FOR:

1.  **BREACH OF CONTRACT**
2.  **SLANDER OF TITLE**
3.  **FRAUD (CONCEALMENT &
    MISREPRESENTATION)**
4.  **CONSPIRACY**
5.  **PROMISSORY ESTOPPEL**
6.  **WRONGFUL FORECLOSURE**
7.  **VIOLATION OF *BUSINESS &
    PROFESSIONS CODE* SECTION
    17200**
8.  **BREACH OF FIDUCIARY DUTY /
    (VIOLATION OF STATE BAR RULE
    3-300)**

**DEMAND FOR JURY TRIAL**

PLAINTIFF, JISD H. SCARTH (hereinafter referred to as "PLAINTIFF"), by and through

his attorney, SAUNDERS & ASSOCIATES, APC, alleges as follows:

///

///

### THE PARTIES

1.      PLAINTIFF is a resident of Temecula, County of Riverside, California. PLAINTIFF reside at 31222 Mangrove Avenue, Temecula, CA 92592 ("Subject Property"). A true and correct copy of the legal description is attached hereto as **Exhibit "A."**

2.      PLAINTIFF is informed and believes and, on that basis, alleges that DEFENDANT, TODD TUROCI (hereinafter referred to as "DEFENDANT TODD") is a resident of Riverside, County of Riverside, California. DEFENDANT TODD is an attorney, duly licensed to practice law in the State of California.

3.      PLAINTIFF is informed and believes, and on that basis, alleges that DEFENDANT, CHRISTOPHER J. TUROCI (hereinafter referred to as "DEFENDANT CHRISTOPHER") is a resident of Glendora, County of Los Angeles, California.

4.      PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANT THE TUROCI LAW FIRM, INC. (hereinafter referred to as "LAW FIRM") is a corporation organized and existing under the laws of the State of California with its principal place of business in Riverside, County of Riverside, California.  LAW FIRM is owned and operated by its Chief Executive Officer, DEFENDANT TODD.

5.      PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANT, WESTERN STAR FINANCIAL, INC. (hereinafter referred to as "WESTERN") is a corporation organized and existing under the laws of the State of California with its principal place of business in Riverside, County of Riverside, California.  WESTERN is owned and operated by DEFENDANT TODD.

6.      PLAINTIFF is informed and believe and, on that basis, alleges that DEFENDANT PROMINENCE CAPITAL PARTNERS, LLC (hereinafter referred to as "PROMINENCE") is a limited liability company formed under the laws of the State of California and does business in Glendora, County of Los Angeles, California.  PROMINENCE is owned and operated by

DEFENDANT CHRISTOPHER. PROMINENCE is a financial services company that was organized on September 4, 2014.

7.  PLAINTIFF does not know the true names and capacities of defendants sued in this Complaint as Doe 1 through Doe 100, inclusive, and therefore sues these defendants by fictitious names under Section 474 of the *California Code of Civil Procedure*. PLAINTIFF will amend this Complaint to allege the true names and capacities of Doe 1 through Doe 100, inclusive, when ascertained. PLAINTIFF is informed and believe, and on that basis alleges, that each of the defendants named herein as Doe 1 through Doe 100, inclusive, is responsible in some manner for the occurrence, injury, and other damages alleged in this Complaint.

## JURISDICTION AND VENUE

8.  Jurisdiction is proper in the Superior Court of California, County of Riverside, because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist.

9.  This Court has personal jurisdiction over DEFENDANTS because they live within the State of California.

10. Venue is proper in this Court because the subject property is within the County of Riverside, California and Riverside County is the county where the contract at issue was entered into and to be performed.

## FACTUAL ALLEGATIONS

11. On or about August 30, 2017, DEFENDANT WESTERN allegedly originated a loan to PLAINTIFF JISD H. SCARTH ("Trustor") with a Deed of Trust ("DOT") not provided to our executed by PLAINTIFF in the amount of $20,000.00 for owner-occupied property. The Deed of Trust was recorded in the official records of County of Riverside as Document No. 2017-036027 on or about August 30, 2017. The loan is in second position. The Trustee was listed as THE TUROCI FIRM, INC., a law firm owned by DEFENDANT TODD. DEFENDANT

WESTERN is owned and operated by DEFENDANT TODD. A true and correct copy of the DOT is attached hereto as **Exhibit "B"**.

12.    Upon information and belief, the loan made by WESTERN to PLAINTIFF for $20,000.00 was for the purpose of paying a $20,000.00 legal fee to DEFENDANT TODD for services in filing a Chapter 11 bankruptcy petition for PLAINTIFF which was not successful and eventually dismissed.

13.    Unbeknownst to Trustor, on or about October 2, 2017, DEFENDANT PROMINENCE allegedly secured a loan by a lien on Trustor's property which was memorialized with a Deed of Trust ("DOT") in the amount of $17,250.00 for the owner-occupied property. The Deed of Trust was recorded in the official records of County of Riverside as Document No. 2017-0413611 on or about October 5, 2017. The loan is in third position. The Trustee and Beneficiary was listed as PROMINENCE, a company owned by DEFENDANT CHRISTOPHER, brother of DEFENDANT TODD. A true and correct copy of the DOT is attached hereto as **Exhibit "C"**.

14.    On or about July 9, 2020, DEFENDANT PROMINENCE caused to be recorded a Notice of Default ("NOD") as Document No. 2020-0299549 in the Official Records of the Riverside County Recorder's Office. The NOD asserted a default by PLAINTIFF on the loan with an original amount of $17,250.00 made by DEFENDANT PROMINENCE to PLAINTIFF TRUSTOR, with a demand of $30,560.01 as of July 1, 2020. A true and correct copy of the NOD is attached hereto as **Exhibit "D"**.

15.    On or about August 5, 2021, FIRST AMERICAN TITLE INSURANCE COMPANY recorded a Recission of Notice of Default and Election to Sell Under Deed of Trust of the Deed of Trust dated October 2, 2017 which was not executed by PLAINTIFF for the $17,250.00 loan. The Recission was recorded in the official records of County of Riverside as Document No. 2021-0467602. A true and correct copy of the Recission is attached hereto as **Exhibit "E."**

16.     On or about July 9, 2020, DEFENDANT PROMINENCE caused to be recorded a Notice of Default ("NOD") as Document No. 2020-0299549 in the Official Records of the Riverside County Recorder's Office. The NOD asserted a default by PLAINTIFF on the loan with an original amount of $17,250.00 made by DEFENDANT PROMINENCE to PLAINITIFF with a demand of $48,408.87 as of November 18, 2022. A true and copy of the NOD is attached hereto as **Exhibit "F."**

17.     On or about February 14, 2023, FIRST AMERICAN TITLE INSURANCE COMPANY recorded a Notice of Trustee's Sale in the Official Records of the Recorder of Riverside County as Document No. 2023-0041181 on the Deed of Trust recorded October 5, 2017 in the Official Records of the Recorder of Riverside County as Document No. 2017-0413611 with the original amount of $17,250.00. At the time of publication, the amount demanded was $50,385.28. The Subject Property is now scheduled for sale on March 14, 2023. A true and copy of the Notice of Sale is attached hereto as **Exhibit "G."**

18.     This Action is brought after attempts by PLAINTIFF to resolve the issues with DEFENDANTS regarding both illegal loans. Plaintiff is facing foreclosure on a loan where there was no executed agreement with the party to be charged, namely PLAINTIFF. Further PLAINTIFF was not given any disclosure necessary for loans in California, such as:

      a.  Promissory Note

      b.  Loan Agreement

      c.  Loan Application

      d.  Executed 1003 Application

      e.  HUD, RESPA, & TILA

      f.  Amortization Schedule

      g.  Appraisal

      h.  Escrow Documents

i.  Escrow Final Accounting

j.  Receipts for any payments

## FIRST CAUSE OF ACTION

## (BREACH OF CONTRACT)

### (By PLAINTIFF Against DEFENDANT PROMINENCE)

19.    PLAINTIFF incorporates by reference each and all of the allegations contained in Paragraphs 1 through 18, above, as if fully set forth herein.

20.    On October 2, 2017, PLAINTIFF and Defendant PROMINENCE alleges they entered into a valid, enforceable, and binding written contract, where Defendant PROMINENCE recorded a Deed of Trust, a copy of which is attached hereto as **Exhibit "C"**, and which is made a part hereof and incorporated herein by reference.  No written agreement for this loan was executed by PLAINTIFF.

21.    On or about October 2, 2017, DEFENDANT PROMINENCE alleges they originated a loan to Trustor which was memorialized with a Deed of Trust ("DOT") in the amount of $17,250.00 for the owner-occupied property.  No written agreement for this loan was executed by PLAINTIFF.

22.    The Deed of Trust was recorded in the official records of County of Riverside as Document No. 2017-0413611 on or about October 5, 2017. The loan was in third position. The Trustee and Beneficiary was listed as PROMINENCE a California limited liability company owned by DEFENDANT, CHRISTOPHER brother of DEFENDANT TODD.

23.    In summary, PLAINTIFF was not aware and did not agreed to encumber his residence located at 31222 Mangrove Avenue, Temecula, CA 92592 with PROMINENCE in the amount of $17,250.00 for legal fees for DEFENDANT CHRISTOPHER'S brother DEFENDANT TODD.

24.    PLAINTIFF did not discover the encumbrance of the $17,500 loan by recorded lien for over a year from the recordation.  (EXHIBIT H)

25.    PLAINTIFF was unaware of two loans to pay for Chapter 11 attorney fees.

26.    PLAINTIFF has not executed any loans with either Defendants.

27.    PLAINTIFF is informed and believe and, on that basis, herein allege that on or about May 1, 2020, PROMINENCE any contract DEFENDANTS allege was substantially breached by DEFENDANTS not providing PLAINTIFF with a monthly billing statement showing the beginning balance of the refinance, the payments made for principal and interest, and the remaining balance after all payments were logged. In addition, they did not inform PLAINTIFF of the conflict with DEFENDANTS TODD, CHRISTOPHER and WESTERN, Instead, they proceeded to file a Notice of Default on July 9, 2020 placing our home in peril of being sold at public auction. PLAINTIFF therefore had no details or justification on payments that were allegedly due to PROMINENCE.

28.    Specifically, DEFENDANT PROMINENCE 'S breach included the fact that they provided no billing statements to PLAINTIFF in order for payments to be made to DEFENDANT PROMINENCE.

29.    As a result of PROMINENCE's breach, as set out in Paragraph 26 and 27, PLAINTIFF suffered damages in an amount to be proven at trial.

30.    The damages flow directly from and is the natural and probable consequences of PROMINENCE's and WESTERN's breach.

31.    Pursuant to applicable California Codes, PLAINTIFF is entitled to recover their attorneys' fees and costs incurred herein.

**SECOND CAUSE OF ACTION**

**Slander of Title**

**(Against Defendant PROMINANCE)**

32.     Plaintiffs re-allege and incorporate all preceding paragraphs as though set forth fully herein.

33.     Defendants erroneously and maliciously recorded A Notice or Notices of Default related to security interest of the subject property that cast doubts about Plaintiff's ownership of the property.

34.     The Notices were recorded with the Riverside County Recorder's Office and thereby became *a public record*.

35.     These notices were based upon error and/or fraud and therefore untrue and Plaintiff's ownership in the property was unquestionable;

36.     That defendants knew that/acted with reckless disregard of the truth or falsity as to whether Plaintiff owned the property;

37.     That defendants knew or should have recognized that someone else might act in reliance on the Notices causing Plaintiff financial loss;

38.     That Plaintiff did in fact suffer immediate and direct financial harm because someone else acted in reliance on the Notices and Trustee Sale and by incurring legal expenses necessary to remove the doubt cast by the Notice(s) of Default and Trustees Sale and to clear title.

39.     That defendant's conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff pray for judgment as set forth below.

### THIRD CAUSE OF ACTION

### FRAUD

### (MISREPRESENTATION & CONCEALMENT)

### (By PLAINTIFF Against Defendants TODD and CHRISTOPHER)

40.    PLAINTIFF incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 39 above, as if fully set forth herein.

41.    Defendant TODD failed to disclose material information about the familial relationship between the Chief Executive Officer of Defendant WESTERN (Defendant TODD) and the Manager of Defendant PROMINENCE (Defendant CHRISTOPHER).    Specifically, Defendant TODD did not represent that he owned and operated WESTERN and that his brother CHRISTOPHER was the owner and operated PROMINENCE but failed to disclose these facts to PLAINTIFF.

42.    The information about the familial relationship between these two Defendants was material in that there was a significant conflict of interest by Defendant TODD in that he represented the PLAINTIFF in their Bankruptcy case and was the attorney for Defendant PROMINENCE's business interests.

43.    Defendant TODD and PLAINTIFF are attorney and client.

44.    Defendant TODD had a duty to disclose complete and accurate information about his familial relationship, and professional relationship to PLAINTIFF because Defendant TODD owed a fiduciary duty to PLAINTIFF.    Specifically, Defendant TODD was Plaintiff's fiduciary because Plaintiff retained him and made the $20,000.00 loan herein above described to pay him his initial fee for filing a Chapter 11 Bankruptcy which was unsuccessful and dismissed.    To compound the calamity caused by Defendant TODD, PLAINTIFF lost a building and equity then valued at $3,000,000.00 in spite of DEFEDANT TODD'S representation of PLAINTIFF in the bankruptcy proceedings.

45.    PLAINTIFF is informed and believes and, on that basis, alleges that Defendant TODD had actual knowledge of the familial and professional relationship between Defendant TODD and Defendant PROMINENCE, yet Defendant TODD deliberately failed to disclose said information to PLAINTIFF.

46.     PLAINTIFF is informed and believes and, on that basis, alleges that Defendant TODD, in deliberately failing to disclose his familial and professional relationship with PROMINENCE, intended to induce PLAINITIFF to refinance his home with PROMINENCE through a hard money transfer, rather than a conventional loan refinance.

47.     PLAINITIFF relied to his detriment on Defendant TODD's misrepresentation. PLAINTIFF was unaware of the familial and professional relationship between PROMINENCE and Defendant TODD. PLAINITIFF would have acted differently if he had known of this relationship in that PLAINTIIFF would have chosen to use a conventional mortgage company to refinance their property rather than using PROMINENCE.

48.     As a result of Defendant TODD's fraud, PLAINTIIFF is entitled to an award of damages in an amount to be proven at trial. Additionally, PLAINTIIFF is entitled to punitive damages as a result of Defendant TODD's fraudulent conduct. Specifically, the conduct of DEFENDANT TODD and DOES 1-100 was intended to cause injury to Plaintiff and this despicable conduct was carried out with a willful and conscious disregard of Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship.

49.     The totality of DEFENDANT TODD'S breached as described herein is text book examples of why punitive damages is merited as DEFEDANT TODD'S conduct as heretofore alleged was knowing, intentional, willful, malicious, despicable, oppressive, mean and done with full knowledge or substantial certainty of the extreme mental distress which said actions would cause Plaintiff. Plaintiff is entitled to punitive damages in an amount to be ascertained at the time of trial.

50.     PLAINITIFF incorporates by reference each and all of the allegations contained in Paragraphs 1 through 60 above, as if fully set forth herein.

51.     Defendants TODD and CHRISTOPHER misrepresented their relationship to the PLAINTIFF. Specifically, at no time did Defendants TODD and CHRISTOPHER state to the PLAINTIFF that they were brothers.

52.     Defendants TODD and CHRISTOPHER made these misrepresentations to conceal their familial relation so the true nature of the lenders DEFENDANTS PROMINENCE and WESTERN and the overall conflicts would not be revealed.

53.     Further concealment occurred by DEFENDANT'S actions related to the alleged loans, where there were no executed agreement with the party to be charged, namely PLAINTIFF. Further PLAINTIFF was not given any disclosure necessary for loans in California, like an appraisal prior to an encumbrance lien, 1003 application, Final HUD Statement, Amortization Schedule or the providing of any invoices or statements of monies owed or monies paid, which are all required for all mortgage type loans

54.     Defendants' representations were materially misleading because DEFENDANTS knew that as PLAINTIFF being a client of DEFENDANT TODD would rely on his representations without having any need to question them because PLAINTIFF believed that DEFEDANT TODD was helping him.

55.     PLAINITIFF is informed and believes and, on that basis, alleges that DEFENDANTS knew the representations were misleading when they made them because of the fiduciary relationship with DEFENDANT TODD as his attorney.

56.     PLAINTIFF is informed and believe and, on that basis, allege that Defendants TODD and CHRISTOPHER deliberately misrepresented their relationship in order to induce PLAINTIFF to use PROMINENCE for their refinance.

57.     PLAINTIFF relied to his detriment on Defendant TODD'S and CHRISTOPHER'S misrepresentation by following through with the refinance and using PROMINENCE to obtain the refinance of the property.

58.    Defendant TODD'S and CHRISTOPHER'S intentional misrepresentation, inducing PLAINTIFF'S reliance thereon, was the direct and proximate cause of PLAINTIFF'S loss, which they would not have sustained but for Defendants' fraud.

59.    As a result of Defendant TODD's and CHRISTOPHER's fraud, PLAINITIFF is entitled to an award of damages in an amount to be proved at trial.

60.    Additionally, PLAINTIFF is entitled to punitive damages as a result of Defendants' fraudulent conduct. Specifically, the conduct of DEFENDANTS TODD, CHRISTOPHER and DOES 1-20 was intended to cause injury to Plaintiff and this despicable conduct was carried out with a willful and conscious disregard of Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship.

## FOURTH CAUSE OF ACTION

### CONSPIRACY

### (MORTGAGE FRAUD, P.C. 532f)

### (Against Defendants CHRIS and TODD)

61.    Plaintiff re-alleges and incorporate by reference all proceeding paragraphs as though fully set forth herein.

62.    Plaintiff alleges that Defendants conspired to cause Plaintiff economic and emotional harm which was the result of each of defendant's actions in concert and where they came to a mutual understanding to accomplish a common unlawful plan, and that one or more of them committed an overt act to further it.

63.    Plaintiff alleges that the conspiracy to commit the aforementioned acts was in violation of California Penal Code §532f wherein each had the intent to defraud Plaintiff and did as follows:

"Deliberately made misstatement, misrepresentation or omission during the

lending process with the intent that it was relied on by the borrower."

California Penal Code §532f

For instance, Defendant's CHRIS and PROMINANCE purposely failed to provide Plaintiff the requisite lending documents to legally consummate the loan such as:

    a.  Promissory Note

    b.  Loan Agreement

    c.  Loan Application

    d.  Executed 1003 Application

    e.  HUD, RESPA, & TILA

    f.  Amortization Schedule

    g.  Appraisal

    h.  Escrow Documents

    i.  Escrow Final Accounting

    j.  Receipts for any payments

64.    Based on the foregoing, Plaintiff is entitled to his statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 532f.

WHEREFORE, Plaintiff pray for judgment as set forth below.

### FIFTH CAUSE OF ACTION

### (PROMISSORY ESTOPPEL)

**(By PLAINTIFF Against Defendant PROMINENCE)**

65.    PLAINTIFF incorporates by reference each and all of the allegations contained in Paragraphs 1 through 30 above, as if fully set forth herein.

66.    PLAINTIFF allege in the alternative to their breach of contract claim that PROMINENCE is entitled to recover under the doctrine of promissory estoppel if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the

subject matter of the dispute between PLAINTIFF and DEFENDANT PROMINENCE and WESTERN or the existing contract is void, invalid, or unenforceable.

67.     On or about October 5, 2017, DEFENDANT PROMINENCE made an unambiguous written promise to PLAINTIFF.

68.     In the promises, on or about October 2, 2017, DEFENDANT PROMINENCE CAPITAL PARTNERS, LLC alleges it originated a loan to PLAINTIFF followed by the recording of a third position lien which was memorialized with a Deed of Trust ("DOT") in the amount of $17,250.00 for the owner-occupied property with an implied obligation to provide monthly statements.

69.     PROMINENCE was in a position to fully perform, fulfill, and carry out the terms and conditions of the alleged loan it says it made to PLAINTIFF because Defendant PROMINENCE was in a superior position as lender and in a position to carry out the terms and conditions of the promise(s).

70.     It was foreseeable that Defendant PROMINENCE's promises would cause or induce PLAINTIFF to act in reasonable reliance on Defendant PROMINENCE's promises.

71.     PLAINTIFF acted in good faith and was surprised to find there were two loans related the attorney fees of DEFENDANT TODD, a loan from DEFENDANT TODD and a loan from DEFENDANT CHRISTOPHER.

72.     In reliance on DEFENDANT TODD promises , PLAINTIFF believed he was borrowing money for legal fees from DEFENDANT TODD.  PLAINTIFF did not know DEFENDANT TODD could not lend him money without disclosures or executing a written agreement.

73.     As a result of PLAINTIFF'S reliance, PLAINTIFF suffered a substantial change in position.

74.    DEFENDANT PROMINENCE alleges they promised to assist PLAINTIFF in in his financial needs, but instead placed them further in debt without disclosing they were entering a loan with PLAINTIFF their conflict with DEFENDANT TODD, or disclosing or entering into a written agreement and while PLAINTIFF did not know of the alleged encumbrance on his property had PLAINTIFF known all of the facts he would not have entered into a contract with DEFENDANTS.

75.    PLAINTIFF relied reasonably and foreseeably to PLAINTIFF' detriment on DEFENDANT PROMINENCE'S promises and representations.

76.    Injustice can be avoided only by voiding the encumbrances and the subject second and third liens upon PLAINTIFF'S property.

77.    PLAINTIFF had to incur attorney fees and costs to protect his residence in bringing this action and now face a sale of their residence in a public auction now set for March 14, 2023.

78.    As a result, PLAINTIFF has suffered actual, significant, and unconscionable injury.

79.    PROMINENCE is attempting to avoid its obligations to honor the promises it made to PLAINTIFF by relying on the statute of frauds as a defense to this action.

80.    The statute of frauds does not apply to bar liability because PLAINTIFF has suffered unconscionable injury as a result of his reliance and Defendant PROMINENCE's nonperformance of any promises to PLAINTIIFFS.

81.    Application of the statute of frauds is property to use to void the loans/liens of DEFENDANTS as there was no written agreement.

82.    The unconscionable injury to PLAINTIFF is draconian because there can be no worst injury to a family of 10 than to lose a home in which the family has resided for many years and if PLAINTIFF' home goes to sale on March 14, 202023 or thereafter to DEFENDANT

PROMINENCE or a third-party monetary damages will be inconsequential. Further the purchaser of the Subject Property will repeat a windfall by gaining equity in the amount of $317,247.00 which is text book unjust enrichment by DEFENDANT'S bad acts.

83.    The damages described above is beyond those which flow naturally from Defendant PROMINENCE's nonperformance of any alleged promises to PLAINTIFF.

84.    As a result of PROMINENCE's refusal to abide by its promises to PLAINTIFF, PLAINTIFF has suffered damages in an amount to be proven at trial and seeks equitable relief in the form of stopping the sale now scheduled for March 14, 2023 or on any subsequent date thereafter.

### SIXTH CAUSE OF ACTION

**Wrongful Foreclosure**

**(Against Defendant PROMINANCE)**

85.    Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

86.    The Beneficiary's Demand for Payoffs described above (Compl. ¶ 17) is inaccurate and Plaintiff is contesting the accounting.

87.    Defendants delayed furnishing the Beneficiary's Demand for Payoff to Plaintiff more than the 21 days prescribed in *Cal. Civil Code § 2943* which states that:

> **Under California Civil Code of section 2943, upon the request by the trustor to a deed of trust, the beneficiary must provide a payoff demand statement within 21 days.** (Civ. Code § 2943.) In other words, the party who has incurred an obligation, under a deed trust, can make a request for a payoff demand statement from the party who has a lien on the property. In the payoff demand statement, the beneficiary must state the amount of the unpaid balance and interest rate together with the total amounts. (Civ. Code § 2943.) If the beneficiary does not provide the payoff demand statement within 21 days, the beneficiary will be liable for statutory damages. (Civ. Code § 2943.) (Emphasis supplied)

88.     Plaintiff alleges that there is no obligation to tender the loan balance to challenge the wrongful foreclosure when Defendants have not provided a demand payoff at all.

89.     Plaintiff alleges that these actions result in a wrongful foreclosure. Plaintiffs do not "...have to sit by idly until an allegedly improper foreclosure sale was completed before bringing her otherwise valid challenge in court." *Lee v. Bank of Mellon* (2016) N.D. Cal. No. 16-cv-05094-JT; *Lundy v. Selene Fin., LP* (2016) U.S. Dist. LEXIS 35547

90.     On or about February 14, 2023, FIRST AMERICAN TITLE INSURANCE COMPANY recorded a Notice of Trustee's Sale in the Official Records of the Recorder of Riverside County as Document No. 2023-0041181 on the Deed of Trust recorded October 5, 2017 in the Official Records of the Recorder of Riverside County as Document No. 2017-0413611 with the original amount of $17,250.00. At the time of publication, the amount demanded was $50,385.28. The Subject Property is now scheduled for sale on March 14, 2023. (**Compl. Exhibit "G."**

91.     As a result of the foregoing, Defendants failed to strictly comply with California statutes in regard to the Beneficiary's Demand for Payoff under Civ. Code § 2943.  As such, Plaintiff allege that the foreclosure proceeding must be cancelled and/or void.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**SEVENTH CAUSE OF ACTION**

**(VIOLATION OF *BUSINESS & PROFESSIONS CODE* SECTION 17200)**

**(By PLAINTIFF Against Defendant TODD)**

92.     PLAINITIFF incorporates by reference each and all of the allegation Paragraphs through 70, above, as if fully set forth herein.

93.     PLAINTIFF alleges DEFENDANT TODD violated Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in unlawful, unfair, and fraudulent business practices as discussed herein.

94.    DEFENDANT TODD violated the "unfair," "unlawful," and "fraudulent" prongs of the UCL resulting in injury and economic loss by failing to act in good faith to fulfill his fiduciary relations to PLAINTIFF as his attorney in violation of Section 17200 et seq.

95.    DEFENDANT TODD breached the "unfairness" prong because he engaged in loan practices that were unethical, unscrupulous, and substantively injurious to clients which constituted significant threats to attorney client relationships. DEFENDANT TODD breached the "fraudulent" prong because members of the public were likely to be deceived into making loans with him as a hard money lender in violation of State Bar of California Rules of Professional Conduct Rule 3-300 when he refused to make requisite disclosures under Rule 3-300 rather than using a conventional lender. As a result of DEFENDANT TODD'S wrongful conduct, Plaintiff is entitled to equitable relief and restitution according to proof at trial.

## EIGHTH CAUSE OF ACTION

### (BREACH OF FIDUCIARY DUTY - VIOLATION OF STATE BAR RULE 3-300)

### (By PLAINTIFF Against Defendant TODD)

96.    PLAINITIFF incorporates by reference each and all of the allegation Paragraphs 1 through 95, above, as if fully set forth herein.

97.    *CALIFORNIA STATE BAR RULE 3-300) provides:*

A member shall not enter into a business transaction with a client; or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to a client, unless each of the following requirements has been satisfied:

(A) The transaction or acquisition and its terms is fair and reasonable to the client and is fully disclosed and transmitted in writing to the client in a manner which should reasonably have been understood by the client; and

(B) The client is advised in writing that the client may seek the advice of an independent lawyer of the client's choice and is given a reasonable opportunity to seek that advice; and

(C) The client thereafter consents in writing to the terms of the transaction or the terms of the acquisition.

98.    DEFENDANT TODD made a loan to PLAINTIFF for $20,000.00 using WESTERN as lender which he owned and operated, facts which he did not disclose to PLAINTIFF.

99.    DEFENDANT TODD conspired to have his brother DEFENDANT CHRISTOPHER, owner and operator of PROMINENCE make a loan encumbering the Subject Property for PLAINTIFF for $17,250.00, and DEFENDANT TODD concealed his relation as brother of DEFENDANT CHRISTOPHER.

100.    DEFENDANT TODD did not advise PLAINTIFF in writing that he should seek the advice of an independent lawyer of the client's choice, and the client was not given an opportunity to consent in writing to the loan of $20,000.00 with WESTERN nor his relationship with his brother CHRISTOPHER owner and operator of POMINENCE.

101.    DEFENDANT TODD violated Rule 3-300 by not executing a conflict waiver stating that he owned WESTERN, lender on the hard money loan of $20,000.00.

102.    DEFENDANT TODD violated Rule 3-300 by not executing a conflict waiver stating that he was referring client to PROMINENCE for the operative $17,250.00 loan, a lender owned and operated by his brother CHRISTOPHER.

103.    DEFENDANT TODD violated Rule 3-300 by having his client take out a loan with WESTERN that he owned and controlled to pay his legal fee of $20,000.00 for him to file a Chapter 11 bankruptcy petition that was unsuccessful because he did not use his best efforts to obtain a successful Chapter 11 for benefit of PLAINTIFF.

**PRAYER**

WHEREFORE, PLAINTIFF prays for a judgment against Defendant TODD, Defendant CHRISTOPHER, LAW FIRM, WESTERN and PROMINENCE, and each of them as follows:

1. For general damages, In the amount of $5,000,000.00 or according to proof;

2. For cancellation of instruments (PROMINANCE's Deed of Trust) and Order of

Reconveyance.

3. For special damages, in the amount of according to proof;

4. For statutory damages;

5. For punitive damages in an amount to be determined by the Court according to proof;

6. For an award of costs;

7. For an award of reasonable attorneys' fees;

8. For an award of pre-judgment interest on the said sum at the rate of 100% per annum

from August 30, 2017 to the date of judgment herein;

9. For an award of post-judgment interest for the maximum amount allowed by law;

10. For a stay of the sale of Subject Property now scheduled for March 14, 2023 and for

any later scheduled date;] and

11. For any and all other relief the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury on all issues.


Dated: March 9, 2023                      SAUNDERS & ASSOCIATES, APC



By: _____
    GARY SAUNDERS
    Attorney for Plaintiff
    JARED H. SCARTH

## VERIFICATION

I have read the foregoing PLAINITIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL and know its contents. I am Plaintiff, JARED H. SCARTH, a party to this action. The matters stated in the foregoing Complaint is true to my own knowledge, except as to the matters which is therein stated upon information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Temecula, California, this 9th day of March, 2023.

_____
JARED H. SCARTH

# EXHIBIT A

**EXHIBIT "A"**

**PARCEL 1:**

LOT 56 OF TRACT 31946, IN THE CITY OF TEMECULA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER THAT TRACT MAP RECORDED IN BOOK 421, PAGE(S) 28 THROUGH 36 OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY ("MAP"). ALL DEFINED TERMS USED HEREIN SHALL HAVE THE MEANINGS SET FORTH IN THE MASTER DECLARATION REFERENCED BELOW.

EXCEPTING THEREFROM ALL OIL, GAS, MINERAL AND HYDROCARBON RIGHTS BY WHATSOEVER NAME KNOWN, WITHOUT RIGHT OF SURFACE ENTRY AS MAY BE OF RECORD AS OF THE DATE HEREOF.

AND EXCEPTING THEREFROM, PURSUANT TO THAT CERTAIN MINERAL DEED CURRENTLY OF RECORD, ANY AND ALL (I) OIL RIGHTS, (II) MINERAL RIGHTS, (III) NATURAL GAS RIGHTS, (IV) RIGHTS TO ALL OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, (V) GEOTHERMAL HEAT RIGHTS OR GEOTHERMAL SUBSTANCES THAT MAY BE PRODUCED FROM THE PROPERTY, (VI) WATER RIGHTS AND CLAIMS OR RIGHTS TO WATER AND (VII) ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING (COLLECTIVELY, "SUBSURFACE RESOURCES") LOCATED IN OR THE PROPERTY AND THE PERPETUAL RIGHT TO DRILL, MINE, EXPLORE AND OPERATE FOR AND PRODUCE, STORE AND REMOVE ANY OF THE SUBSURFACE RESOURCES ON OR FROM THE PROPERTY, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE, FROM LANDS OTHER THAN THE PROPERTY, WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS WITHIN OR BEYOND THE EXTERIOR LIMITS OF THE PROPERTY, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, BUT WITHOUT THE RIGHT TO DRILL, MINE, EXPLORE, OPERATE, PRODUCE, STORE OR REMOVE ANY OF THE SUBSURFACE RESOURCES THROUGH OR IN THE SURFACE OF THE PROPERTY OR THE UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE PROPERTY.

RESERVING THEREFROM THE EASEMENT AND OTHER RIGHTS RESERVED IN FAVOR OF GRANTOR IN THE DECLARATION FOR MARKETING AND DEVELOPMENT, INCLUDING, WITHOUT LIMITATION, SUBJECT TO ALL EASEMENT AREAS, THE RIGHT OF GRANTOR TO MAINTAIN MARKETING LOTS IN THE RESIDENCES OWNED BY GRANTOR, AS WELL AS THE RIGHT OF ACCESS, INGRESS, AND EGRESS FOR VISITORS TO THE SALES OFFICE AND MARKETING LOTS AND THE RIGHT TO MAINTAIN SIGNS OR OTHER MARKETING MATERIALS WITHIN THE MASTER ASSOCIATION PROPERTY OF THE COMMUNITY.

FURTHER RESERVING THEREFROM, FOR THE BENEFIT OF GRANTOR AND ITS SUCCESSORS AND ASSIGNS, AN EASEMENT FOR INGRESS AND EGRESS, IN, ON, OVER, THROUGH AND ACROSS THE ASSOCIATION PROPERTY TO PERMIT GRANTOR TO INSTALL IMPROVEMENTS THEREON. THE GRANTOR FURTHER RESERVES THE RIGHT TO PREVENT ACCESS OVER PORTIONS OF THE ASSOCIATION PROPERTY BY PLACING A CONSTRUCTION FENCE, OR OTHER BARRIER, THEREON PRIOR TO COMPLETION OF CONSTRUCTION OF ALL IMPROVEMENTS WITHIN THE COMMUNITY. HOWEVER, NO SUCH BARRIER SHALL PREVENT INGRESS OR EGRESS BY GRANTEE TO AND FROM ITS RESIDENTIAL LOT.

AND FURTHER RESERVING THEREFROM, ALL EASEMENTS DESCRIBED IN THE MASTER DECLARATION DESCRIBED BELOW, THE MAP OF RECORD REFERENCED ABOVE, AND ALL OTHER EASEMENTS OF RECORD.

**PARCEL 2:**

A NON-EXCLUSIVE EASEMENT, IN COMMON WITH OTHER OWNERS, FOR INGRESS, EGRESS, USE AND ENJOYMENT, OVER, IN, TO AND THROUGHOUT THE MASTER ASSOCIATION PROPERTY AND OVER, IN, TO AND THROUGHOUT THE MASTER ASSOCIATION PROPERTY OF THE OTHER PHASES OF THE PROPERTY DESCRIBED IN THE MASTER DECLARATION, Recorded May 25, 2007 as Instrument No. 2007-0346781 of Official Records WHICH EASEMENTS ARE APPURTENANT TO PARCEL 1 DESCRIBED ABOVE, SUBJECT TO THE PROVISIONS OF THE MASTER DECLARATION.

**PARCEL 3:**

A NON-EXCLUSIVE EASEMENT, IN COMMON WITH OTHER OWNERS, FOR INGRESS, EGRESS, USE AND ENJOYMENT, OVER, IN, TO AND THROUGHOUT THE ASSOCIATION PROPERTY AND OVER, IN, TO AND THROUGHOUT THE ASSOCIATION PROPERTY OF THE OTHER PHASES OF THE PROPERTY DESCRIBED IN

Horton/Meadowlane
Homeowner Deed (Phase 2)
20244-00146 – 1966526..3

THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF THE REFLECTIONS AND ENCLAVE AT TEMECULA LANE RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY ON MAY 30, 2007, AS DOCUMENT NO. 2007-0353199 ("DECLARATION"), WHICH EASEMENTS ARE APPURTENANT TO PARCEL 1 DESCRIBED ABOVE, SUBJECT TO THE PROVISIONS OF THE DECLARATION. THIS EASEMENT SHALL BECOME EFFECTIVE AS TO EACH OF SAID OTHER PHASES, RESPECTIVELY, UPON (I) RECORDATION OF A SUPPLEMENTARY DECLARATION, DECLARING SUCH PHASES, RESPECTIVELY, TO BE SUBJECT TO THE DECLARATION, AND (II) CONVEYANCE OF THE FIRST RESIDENTIAL UNIT IN EACH RESPECTIVE PHASE, ALL AS MORE FULLY SET FORTH IN THE DECLARATION. THE ASSOCIATION PROPERTY REFERRED TO HEREIN AS TO EACH OF SUCH PHASES SHALL BE DESCRIBED ON THE SUPPLEMENTARY DECLARATION COVERING EACH SUCH PHASE RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, CALIFORNIA, THIS NON-EXCLUSIVE EASEMENT IS FURTHER SUBJECT TO ANY EXCLUSIVE OR NON-EXCLUSIVE EASEMENTS RESERVED IN THE DECLARATION AND THIS GRANT DEED.

**PARCEL 4:**

A NON-EXCLUSIVE EASEMENT ON OVER, THROUGH, UNDER AND ACROSS, LOTS C THROUGH M, INCLUSIVE, OF THE MAP, FOR ACCESS, INGRESS AND EGRESS.

THE REAL PROPERTY CONVEYED IN THIS GRANT DEED (THE "PROPERTY") IS CONVEYED TOGETHER WITH A MEMBERSHIP IN THE TEMECULA LANE HOMEOWNERS ASSOCIATION ("MASTER ASSOCIATION") AND ACCEPTED SUBJECT TO THAT CERTAIN MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF THE TEMECULA LANE MASTER COMMUNITY RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY ON MAY 25, 2007, AS DOCUMENT NO. 2007-0346781 AND ANY AMENDMENTS THERETO ("MASTER DECLARATION"), ALL OF WHICH ARE INCORPORATED HEREIN BY REFERENCE TO THIS GRANT DEED WITH THE SAME EFFECT AS THOUGH FULLY SET FORTH HEREIN. AS MORE PARTICULARLY DESCRIBED IN THE MASTER DECLARATION, THE PROPERTY IS CONVEYED SUBJECT TO SUCH EASEMENTS IN FAVOR OF THE MASTER ASSOCIATION AS ARE NECESSARY TO PERFORM THE DUTIES AND OBLIGATIONS OF THE MASTER ASSOCIATION AND CERTAIN EASEMENTS RESERVED BY GRANTOR. GRANTEE, IN ACCEPTING THIS GRANT DEED AND THE CONVEYANCE HEREUNDER, DOES HEREBY AGREE, JOINTLY AND SEVERALLY, FOR THE BENEFIT OF THE MASTER ASSOCIATION AND EACH AND EVERY ONE OF THE OTHER MEMBERS OF THE MASTER ASSOCIATION, THAT GRANTEE WILL PROMPTLY, FULLY AND FAITHFULLY COMPLY WITH AND CONFORM TO THE MASTER DECLARATION AND THE ARTICLES OF INCORPORATION AND BYLAWS OF THE MASTER ASSOCIATION AND THE RULES AND ARCHITECTURAL GUIDELINES REFERENCED IN THE MASTER DECLARATION. IN PARTICULAR, GRANTEE DOES HEREBY AGREE, JOINTLY AND SEVERALLY, PROMPTLY TO PAY IN FULL ANY DUES, FEES OR ASSESSMENTS LEVIED BY THE MASTER ASSOCIATION ON THE MEMBERSHIPS CONVEYED HEREBY. THE OBLIGATIONS OF GRANTEE HEREIN SET FORTH SHALL BE COVENANTS RUNNING WITH THE PROPERTY IT BEING UNDERSTOOD THAT SAID MEMBERSHIP IN THE MASTER ASSOCIATION AND THE OBLIGATIONS THEREOF, WILL AUTOMATICALLY PASS TO GRANTEE'S SUCCESSOR IN TITLE IN THE PROPERTY OR OTHERWISE, AND SHALL BE BINDING UPON THE GRANTEES ABOVE NAMED, THEIR HEIRS, DEVISEES, EXECUTORS, ADMINISTRATORS, SUCCESSORS AND ASSIGNS.

THE PROPERTY IS ALSO CONVEYED AND ACCEPTED SUBJECT TO THAT CERTAIN NOTICE OF NON-ADVERSARIAL PROCEDURES UNDER CIVIL CODE SECTION 912(f) WHICH RECORDED September 6, 2007 as Instrument No. 2007-0567808 IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, CALIFORNIA, AND ANY AMENDMENTS THERETO NOW OF RECORD OR WHICH WILL BE OF RECORD PRIOR TO THE RECORDATION OF THIS GRANT DEED ("NOTICE"), ALL OF WHICH ARE INCORPORATED HEREIN BY REFERENCE WITH THE SAME EFFECT AS THOUGH FULLY SET FORTH HEREIN.

THE GRANTEE HEREIN COVENANTS BY AND FOR ITSELF, HIS HEIRS, EXECUTORS, ADMINISTRATORS AND ASSIGNS, AND ALL PERSONS CLAIMING UNDER OR THROUGH THEM, THAT THERE SHALL BE NO DISCRIMINATION AGAINST OR SEGREGATION OF, ANY PERSON OR GROUP OF PERSONS ON ACCOUNT OF SEX, MARITAL STATUS, RACE, COLOR, RELIGION, CREED, NATIONAL ORIGIN, OR ANCESTRY IN THE SALE, USE, OCCUPANCY, TENURE OR ENJOYMENT OF THE LAND HEREIN CONVEYED OR THE IMPROVEMENTS THEREON OR TO BE CONSTRUCTED THEREON, NOR SHALL THE GRANTEE ITSELF OR ANY PERSON CLAIMING UNDER OR THROUGH THE GRANTEE, ESTABLISH OR PERMIT ANY SUCH PRACTICE OR PRACTICES OF DISCRIMINATION OR SEGREGATION WITH REFERENCE TO THE SELECTION, LOCATION, NUMBER, USE OR OCCUPANCY OF TRANSFEREES OR VENDEES IN THE LAND HEREIN CONVEYED OR SUCH IMPROVEMENTS. THE FOREGOING COVENANTS SHALL RUN WITH THE LAND.

BOE-502-A (BACK) REV. 8(10-05) ASSR-70 (Rev. 05/06)                                                                 Page 2 of 4

# EXHIBIT B

**2017-0360327**

RECORDING REQUESTED BY:
**WESTERN STAR FINANCIAL, INC.**

08/30/2017 01:39 PM Fee: $ 65.00
Page 1 of 6
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

*66.50*

WHEN RECORDED MAIL TO:
**3845 Tenth Street**
**Riverside, CA 92501**
*The Turoci Firm*

| | | | | | R | A | Exam: | *782* |
|---|---|---|---|---|---|---|---|---|
| *478 14* | | | | | | | | |
| Page | DA | PCOR | Misc | Long | RFD | 1st Pg | Adtl Pg | Cert | CC |
| *6* | *2* | | | | | | | | |
| SIZE | NCOR | SMF | NCHG | T: | | | | |

ORDER NO.
ESCROW NO.

SPACE ABVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 961-430-054-2

This Deed of Trust, made this 30th day of August, 2017, between Jared Scarth herein called TRUSTOR, whose address is 31222 Mangrove Dr., Temecula California 92592, The Turoci Firm, Inc., a California Corporation, herein called TRUSTEE, and Western Star Financial, Inc. herein called BENEFICIARY, Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property in Riverside County, California, described as:

**31222 Mangrove Dr., Temecula California 92592**

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $20,000.00 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| | | | | | | | | | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

1

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

**SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE**

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X _____  8/30/17
Signature of Trustor

**Jared Scarth**
Print Name of Trustor

X _____
Signature of Trustor

_____
Print Name of Trustor

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

---

DATE: 8/30/17

STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

On 8/30/17 before me, Dana R Cormey, Notary Public, a
Notary Public, personally appeared Jared Scarth
_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature

DANA R. CORMEY
Commission # 2128907
Notary Public - California
Riverside County
My Comm. Expires Oct 29, 2019

(Seal)

2

## ALL CAPACITY ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _Caldornia_

COUNTY OF _Riverside_

On _8/30/2017_ before me, _Dana R Cormey, Notary Public_
(Date)                                     (Name and title of the officer)

personally appeared _Jared Scarth_
(Name of person signing)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of officer

DANA R. CORMEY
Commission # 2128907
Notary Public - California
Riverside County
My Comm. Expires Oct 29, 2019

(Seal)

Rev. 01/01/2015

# EXHIBIT A

All that certain real property situated in the County of Riverside, State of California, described as follows:

PARCEL 1:

Lot 56 of Tract No. 31946, in the City of Temecula, as shown on map recorded in Book 421, Pages 28 to 36 of Maps, in the office of the County Recorder of said County. All defined terms used herein shall have the meanings set forth in the Master Declaration referred below.

EXCEPT therefrom all oil, gas, minerals and other hydrocarbon substances lying below a depth shown below but with no right of surface entry, as provided in deeds of record
Depth:                500 feet

PARCEL 2:

A non-exclusive easement, in common with other others, for ingress, egress, use and enjoyment over, in, to and throughout the Master Association Property and over, in, to and throughout the Master Association Property of the other phases of the property described in the Master Declaration, which easements are appurtenant to Parcel 1 described above, subject to the provisions of the Master Declaration. This easement shall become effective as to each of said other phases, respectively, upon (I) recordation of a Supplementary Declaration, declaring such phases, respectively, to be subject to the Master Declaration, and (II) conveyance of the first residential lot in each respective phase, all as more fully set forth in the Master Declaration. The Master Association Property referred to herein as to each of such phases shall be described on the Supplementary Declaration covering each such phase recorded in the office of the County Recorder of said County. This non-exclusive easement is further subject to any exclusive or non-exclusive easements reserved in the Master Declaration and this Grant Deed.

PARCEL 3:

A non-exclusive easement, in common with other owners, for ingress, egress use and enjoyment over, in, to and throughout the Association Property and over, in, to and throughout the Association Property of the other phases of the property described in the Declaration of Covenants, Conditions and Restrictions of the Reflections and Enclave at Temecula Lane recorded in the office of the County Recorder of said County on May 30, 2007as Instrument No. 2007-0353199 of Official Records, which easements are appurtenant to Parcel 1 described above, subject to the provisions of the Declaration. This easement shall become effective as to each of said other phases, respectively, upon (I) recordation of a Supplementary Declaration, declaring such phases, respectively, to be subject to the Declaration, and (II) conveyance of the first residential unit in each respective phase, all as more fully set forth in the Declaration. The Association Property referred to herein as to each of such phases shall be described on the Supplementary Declaration covering each such phase recorded in the office of the County Recorder of said County. This non-exclusive easement is further subject to any exclusive or non-exclusive easements reserved in the Declaration and this Grant Deed.

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.

ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein. **To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)   To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)   To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)   To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4)   To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)   To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)   That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and  shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)   That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)   That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)   That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)   That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)   That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder.  Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)   Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)   That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)   That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

4

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

## REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid:

To _____, Trustee

Dated _____

    The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

_____

By _____

By _____

| MAIL RECONVETANCE TO: |
| --- |
| _____ |
| _____ |
| _____ |
| _____ |

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

5

# EXHIBIT C

**2017-0413611**

10/05/2017 10:29 AM Fee: $ 125.00
Page 1 of 16
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Prominence Capital Partners, LLC
974 Sandstone Drive
Glendora, CA 91740

Space Above For Recorder's Use

## DEED OF TRUST, ASSIGNMENT OF RENTS,
## SECURITY AGREEMENT AND FIXTURE FILING

THIS DEED OF TRUST, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING ("**Deed of Trust**") is made as of October 2, 2017, by and among Jared H Scarth, an individual ("**Trustor**"), whose address is 31222 Mangrove Drive, Temecula CA 92592 and Prominence Capital Partners, LLC, a California limited liability company ("**Beneficiary**" and(or) "**Trustee**"), whose address for notice is 974 Sandstone Drive, Glendora, CA 91740.

Beneficiary wishes to secure (i) the prompt payment of that certain Promissory Note ("**Note**"), in the principal amount of Seventeen Thousand Two Hundred Fifty and 00/100ths Dollars ($17,250.00), executed by Trustor in favor of Beneficiary, which Note evidences a loan payable to the order of Beneficiary (the "**Loan**"), together with all interest thereon in accordance with the terms of the Note, as well as the prompt payment of any additional indebtedness accruing to Beneficiary on account of any future payments, advances or expenditures made by Beneficiary pursuant to the Note, this Deed of Trust, that certain Loan Agreement of even date herewith ("**Loan Agreement**"), or the other Loan Documents (as such term is defined in the Note), and (ii) the prompt performance of each and every covenant, condition, and agreement now or hereafter arising contained in the Loan Documents of Trustor. All payment obligations of Trustor under the Loan Documents are hereinafter sometimes collectively referred to as the "**Indebtedness**" and all other obligations of Trustor under the Loan Documents are hereinafter sometimes collectively referred to as the "**Obligations**."

## ARTICLE 1
## GRANT IN TRUST AND SECURED OBLIGATIONS

1.1     Grant in Trust. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Trustor hereby irrevocably and unconditionally grants, transfers, conveys and assigns to Trustee, IN TRUST, WITH POWER OF SALE, for the benefit and security of Beneficiary, all estate, right, title and interest which Trustor now has or may later acquire in and to the following property (all or any part of which, or interest therein, as the context may require, may be referred to herein as the "**Property**"):

1.1.1    that certain real property located at 31222 Mangrove Drive, Temecula California 92592 more particularly described as:

**PARCEL 1:**
LOT 56 OF TRACT NO. 31946, IN THE CITY OF TEMECULA, COUNTY OF
RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 421
PAGE(S) 28 THROUGH 36 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY ALL DEFINED TERMS USED HEREIN SHALL HAVE
THE MEANINGS SET FORTH IN THE MASTER DECLARATION REFERENCED
BELOW.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON
SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF
SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY
HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

**PARCEL 2:**
A NON-EXCLUSIVE EASEMENT, IN COMMON WITH OTHER OTHERS, FOR
INGRESS, EGRESS, USE AND ENJOYMENT OVER, IN, TO AND THROUGHOUT THE
MASTER ASSOCIATION PROPERTY AND OVER, IN, TO AND THROUGHOUT THE
MASTER ASSOCIATION PROPERTY OF THE OTHER PHASES OF THE PROPERTY
DESCRIBED IN THE MASTER DECLARATION, WHICH EASEMENTS ARE
APPURTENANT TO PARCEL 1 DESCRIBED ABOVE, SUBJECT TO THE PROVISIONS
OF THE MASTER DECLARATION. THIS EASEMENT SHALL BECOME EFFECTIVE
AS TO EACH OF SAID OTHER PHASES, RESPECTIVELY, UPON (I) RECORDATION
OF A SUPPLEMENTARY DECLARATION, DECLARING SUCH PHASES,
RESPECTIVELY, TO BE SUBJECT TO THE MASTER DECLARATION, AND (II)
CONVEYANCE OF THE FIRST RESIDENTIAL LOT IN EACH RESPECTIVE PHASE,
ALL AS MORE FULLY SET FORTH IN THE MASTER DECLARATION. THE MASTER
ASSOCIATION PROPERTY REFERRED TO HEREIN AS TO EACH OF SUCH PHASES
SHALL BE DESCRIBED ON THE SUPPLEMENTARY DECLARATION COVERING
EACH SUCH PHASE RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF
SAID COUNTY. THIS NON-EXCLUSIVE EASEMENT IS FURTHER SUBJECT TO ANY
EXCLUSIVE OR NON-EXCLUSIVE EASEMENTS RESERVED IN THE MASTER
DECLARATION AND THIS GRANT DEED.

**PARCEL 3:**
A NON-EXCLUSIVE EASEMENT, IN COMMON WITH OTHER OWNERS, FOR
INGRESS, EGRESS USE AND ENJOYMENT OVER, IN, TO AND THROUGHOUT THE
ASSOCIATION PROPERTY AND OVER, IN, TO AND THROUGHOUT THE
ASSOCIATION PROPERTY OF THE OTHER PHASES OF THE PROPERTY
DESCRIBED IN THE DECLARATION OF COVENANTS, CONDITIONS AND
RESTRICTIONS OF THE REFLECTIONS AND ENCLAVE AT TEMECULA LANE
RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY ON
MAY 30, 2007 AS INSTRUMENT NO. 2007-0353199 OF OFFICIAL RECORDS, WHICH
EASEMENTS ARE APPURTENANT TO PARCEL 1 DESCRIBED ABOVE, SUBJECT TO
THE PROVISIONS OF THE DECLARATION. THIS EASEMENT SHALL BECOME
EFFECTIVE AS TO EACH OF SAID OTHER PHASES, RESPECTIVELY, UPON (I)
RECORDATION OF A SUPPLEMENTARY DECLARATION, DECLARING SUCH
PHASES, RESPECTIVELY, TO BE SUBJECT TO THE DECLARATION, AND (II)

CONVEYANCE OF THE FIRST RESIDENTIAL UNIT IN EACH RESPECTIVE PHASE, ALL AS MORE FULLY SET FORTH IN THE DECLARATION. THE ASSOCIATION PROPERTY REFERRED TO HEREIN AS TO EACH OF SUCH PHASES SHALL BE DESCRIBED ON THE SUPPLEMENTARY DECLARATION COVERING EACH SUCH PHASE RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. THIS NON-EXCLUSIVE EASEMENT IS FURTHER SUBJECT TO ANY EXCLUSIVE OR NON-EXCLUSIVE EASEMENTS RESERVED IN THE DECLARATION AND THIS GRANT DEED.

PARCEL 4:
A NON-EXCLUSIVE EASEMENT ON, OVER, THROUGH, UNDER AND ACROSS LOTS C TO M INCLUSIVE OF THE MAP FOR ACCESS, INGRESS OR EGRESS.

ASSESSOR'S PARCEL NUMBER: 961-430-054-2

(the "Land")

1.1.2    any and all buildings, structures and improvements now or hereafter erected on the Land ("**Improvements**"), and Trustor's right, title and interest in and to all other improvements that may now or hereafter be constructed upon the Land, including, but not limited to, the fixtures, attachments, appliances, equipment, machinery and other articles attached to the Improvements;

1.1.3    all right, title and interest of Trustor in and to all leases, subleases, subtenancies, licenses, occupancy agreements and concessions covering the Land or the Improvements or any portion thereof or space therein now or hereafter existing, and all right, title and interest of Trustor under the same, including, without limitation, all cash or security deposits, advance rentals and deposits or payments of similar nature ("**Leases**");

1.1.4    all rents, issues, profits, royalties, revenues, income and other proceeds and benefits derived from the Land or the Improvements;

1.1.5    all right, title and interest of Trustor in and to all options to purchase or lease the Land or any portion or interest of or in the Land, and any greater estate in the Land owned or hereafter acquired;

1.1.6    any and all interests, estate or other claims, both in law and in equity, which Trustor now has or may hereafter acquire in the Land;

1.1.7    all right, title and interest of Trustor in any and all easements, parking rights, rights-of-way and rights used primarily in connection with the Land and Improvements or as a means of access thereto, and all tenements, hereditaments and appurtenances thereof and thereto, and all water rights and shares of stock evidencing the same;

1.1.8    all right, title and interest of Trustor, now owned or hereafter acquired, in and to any land lying within the right of way of any street, open or proposed, adjoining the Land, and any and all sidewalks, alleys and strips and gores of land adjacent to or used primarily in connection with the Land;

1.1.9   any and all building permits, land use entitlements, development rights, sewer capacity, licenses, map approvals, trip generation rights, density allocations and other rights or approvals relating to or authorizing the development of the Land;

1.1.10   all rights to the payment of money, accounts (as defined in the California Uniform Commercial Code), accounts receivable, reserves, deferred payments, refunds, cost savings, payments and deposits, whether now or later to be received from third parties or deposited by Trustor with third parties (including all utility deposits), contract rights, rights as declarant under any declaration of covenants, conditions and restrictions encumbering the Land, development and use rights, governmental permits and licenses, applications, architectural and engineering plans, specifications and drawings, as-built drawings, chattel paper, instruments, documents, notes, drafts and letters of credit in each case which arise from or relate to the Land or to any business now or later to be conducted on it, or to the Land and Improvements generally, including the operation and leasing thereof;

1.1.11   all proceeds of, additions and accretions to, substitutions and replacements for, and changes in, any of the foregoing.

1.2   <u>Secured Obligations</u>. Trustor makes the foregoing grant, conveyance, transfer and assignment in trust, and grants the security interest set forth in ARTICLE 3, for the purpose of securing the following obligations (collectively, "**Secured Obligations**"), in any order of priority as Beneficiary may choose:

1.2.1   Trustor's payment of indebtedness in the total principal amount of Seventeen Thousand Two Hundred Fifty and 00/100ths Dollars ($17,250.00) with interest thereon, evidenced by the Note, signed by Trustor, which has been delivered to and is payable to the order of Beneficiary, and which by this reference is hereby made a part hereof, and any and all modifications, extensions and renewals thereof and substitutions therefor;

1.2.2   Trustor's payment and performance of all modifications, amendments, extensions and renewals, however evidenced, of any of the Secured Obligations.

1.2.3   All initially capitalized terms not otherwise defined herein shall have the same meanings as in the Loan Agreement.

## ARTICLE 2
## ASSIGNMENT OF RENTS

2.1   <u>No Loss or Waiver of Remedies</u>. If an Event of Default occurs while Beneficiary is in possession of all or part of the Property or is collecting and applying funds as permitted under the Assignment of Rents, Beneficiary, Trustee and any receiver shall nevertheless be entitled to exercise and invoke every right and remedy afforded any of them under this Deed of Trust and at law and in equity, including the right to exercise the power of sale granted under Section 1.1 and Section 6.2.

## ARTICLE 3
## GRANT OF SECURITY INTEREST

3.1 <u>Fixture Filing</u>. This Deed of Trust constitutes a financing statement filed as a fixture filing pursuant to § 9402(6) of the California Uniform Commercial Code, as amended or recodified from time to time, covering any Property which is now or may later become fixtures attached to the Land or the Improvements. This filing is to be recorded in the real estate records of the county where the Property is located. In that connection, the following information is provided:

| | |
|---|---|
| Name of Debtor: | Trustor |
| Address of Debtor: | See page 1 hereof |
| Name of Secured Party: | Beneficiary |
| Address of Secured party: | See page 1 hereof |

## ARTICLE 4
## RIGHTS AND DUTIES OF THE PARTIES

4.1 <u>Representations and Warranties of Trustor</u>. Trustor represents, warrants and covenants that, except as previously disclosed to Beneficiary in a writing making reference to this warranty:

4.1.1 Trustor lawfully possesses and holds fee simple title to the Land and Improvements as of the date this Deed of Trust is recorded.

4.1.2 Trustor has or will have good title to all Property including the Land and Improvements.

4.1.3 Trustor has the full and unlimited power, right and authority to encumber the Property and Trustor has the full and unlimited power, right and authority to assign the Rents.

4.1.4 None of Trustor, Guarantor, or any other holder of a direct or indirect legal or beneficial interest in Trustor is or will be, held, directly or indirectly, by a "foreign corporation," "foreign partnership," "foreign trust," "foreign estate," "foreign person," "affiliate" of a "foreign person" or a "United States intermediary" of a "foreign person" within the meaning of IRC Sections 897 and 1445, the Foreign Investments in Real Property Tax Act of 1980, the International Investment and Trade in Services Survey Act, the Agricultural Foreign Investment Disclosure Act of 1978, the regulations promulgated pursuant to such acts or any amendments to such acts.

4.1.5 None of Trustor or Guarantor is insolvent, and there has been no (i) assignment made for the benefit of the creditors of any of them, (ii) appointment of a receiver for any of them or for the assets or properties of any of them, or (iii) any bankruptcy, reorganization, or liquidation proceeding instituted by or against any of them.

4.1.6 There is no litigation, arbitration, condemnation proceeding or other proceeding or governmental investigation pending or, to the best knowledge of Trustor, threatened against or relating to Trustor, Guarantor, or the Property and there are no outstanding judgment(s)

against or relating to Trustor or Guarantor. Trustor and Guarantor each have not (A) had any property foreclosed upon, (B) given a deed in lieu of foreclosure, or (C) been involved in any criminal proceedings where Trustor or Guarantor was the defendant. Trustor and Guarantor have not defaulted on any loan or other indebtedness.

4.1.7  The proceeds evidenced by the Note will be used by Trustor solely and exclusively for proper business purposes.

4.1.8  Trustor represents and covenants that it is not and will not become a person (individually, a "**Prohibited Person**" and collectively "**Prohibited Persons**") listed on the Specially Designated Nationals and Blocked Persons List maintained by the Office of Foreign Asset Control, U.S. Department of the Treasury (the "**OFAC List**") or otherwise subject to any other prohibitions or restriction imposed by laws, rules, regulations or executive orders, including Executive Order No. 13224, administered by OFAC (collectively the "**OFAC Rules**"). Trustor represents and covenants that it also (i) is not and will not become owned or controlled by a Prohibited Person, (ii) is not acting and will not act for or on behalf of a Prohibited Person, (iii) is not otherwise associated with and will not become associated with a Prohibited Person, (iv) is not providing and will not provide any material, financial or technological support for or financial or other service to or in support of acts of terrorism or a Prohibited Person. Trustor will not transfer any interest in Trustor to or enter into a lease with a Prohibited Person. Trustor shall immediately notify Beneficiary if Trustor has knowledge that Guarantor, manager, member, or beneficial owner of Trustor is or becomes a Prohibited Person or (A) is indicted on or (B) arraigned and held over on charges involving money laundering or predicate crimes to money laundering. Trustor will not enter into any lease or any other transaction or undertake any activities related to the Loan in violation of the federal Bank Secrecy Act, as amended ("**BSA**"), 31 U.S.C. §5311, *et seq.* or any federal or state laws, rules, regulations or executive orders, including, but not limited to, 18 U.S.C. §§1956, 1957 and 1960, prohibiting money laundering and terrorist financing (collectively "**Anti-Money Laundering Laws**"). Trustor shall (a) not use or permit the use of any proceeds of the Loan in any way that will violate either the OFAC Rules or Anti-Money Laundering Laws, (b) comply and cause all of its subsidiaries to comply with applicable OFAC Rules and Anti-Money Laundering Laws, (c) provide information as Beneficiary may require from time to time to permit Beneficiary to satisfy its obligations under the OFAC Rules and(or) the Anti-Money Laundering Laws and (d) not engage in or conspire to engage in any transaction that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the foregoing.

4.1.9  Trustor's place of business, or its chief executive office if it has more than one place of business, is located at the address specified on page 1 hereof.

4.1.10  The transaction evidenced by this Deed of Trust, the Loan Documents, and the Obligations are for commercial purposes, and not for residential, household, agricultural, personal, or consumer purposes.

Except as otherwise provided herein, each and all of the representations, covenants and obligations of Trustor shall survive the execution and delivery of the Loan Documents and shall continue in full force and effect until the Indebtedness is paid in full.

4.2    <u>Payment and Performance of Secured Obligations</u>. Trustor shall pay when due the principal of and the interest on the indebtedness evidenced by the Note, charges, fees and all other sums as provided in the Loan Documents, and the principal of and interest on any future advances secured by this Deed of Trust. Trustor shall promptly perform each of the Secured Obligations in accordance with its terms.

4.3    <u>Maintenance, Repair, Alterations</u>. Trustor shall keep the Property in good condition and repair, and shall not remove, demolish or substantially alter (except such alterations as may be required by laws, ordinances or regulations) any of the Improvements.

4.4    <u>Required Insurance.</u>

4.4.1    Trustor shall keep the Improvements insured, and shall maintain during the entire term of this Deed of Trust, comprehensive general liability coverage and such other coverages requested by Beneficiary, by carrier(s), in amounts and in form at all times satisfactory to Beneficiary, which carrier(s), amounts and form shall not be changed without the prior written consent of Beneficiary. All such policies of insurance shall be issued by insurers qualified under the laws of the state in which the Land is located, duly authorized and licensed to transact business in such state and reflecting a General Policy Rating of A: VIII or better in A.M. Best's Key Rating Guide (the "**Required Rating**"). Trustor shall maintain all coverages on the Property as are required by Beneficiary at the closing of the Loan, and all other coverages as may be deemed necessary by Beneficiary from time to time during the term of the Loan. Any failure by Beneficiary to insist on full compliance with all of the above insurance requirements at closing does not constitute a waiver of Beneficiary's right to subsequently require full compliance with these requirements. All policies required hereunder shall be indicated by evidence of insurance on the Acord 28 (or similar) form of certificate (as such form may be updated and renamed from time to time), naming Beneficiary as additional insured for liability coverage and first mortgagee for property coverage. All such policies shall contain a provision that such policies will not be canceled or materially amended, which terms shall include any reduction in the scope or limits of coverage, without at least thirty (30) days' prior written notice to Beneficiary (or ten (10) days in the case of non-payment). At least two (2) days prior to the expiration of each such policy, Trustor shall furnish Beneficiary with evidence satisfactory to Beneficiary of the payment of the premium for and the re-issuance of a policy continuing insurance in force as required by this Deed of Trust.

4.4.2    Unless Trustor provides Beneficiary with evidence of the insurance coverage required by this Deed of Trust, or in the event that Trustor otherwise fails to provide, maintain and keep in force or deliver and furnish to Beneficiary the policies of insurance required hereunder, Beneficiary may purchase insurance at Trustor's expense to protect Beneficiary's interests in the Property and to maintain the insurance required by this Deed of Trust. This insurance may, but need not, protect Trustor's interests. The coverage purchased by Beneficiary may not pay any claim made by Trustor or any claim that is made against Trustor in connection with the Property or any required insurance policy. Trustor may later cancel any insurance purchased by Beneficiary, but only after providing Beneficiary with evidence that Trustor has obtained insurance as required by this Deed of Trust. If Beneficiary purchases insurance for the Property or insurance otherwise required by this Deed of Trust, Trustor will be responsible for the costs of that insurance, including interest and other charges imposed by Beneficiary in connection

with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to the Indebtedness. The costs of the insurance may be more than the cost of insurance Trustor is able to obtain on its own.

### 4.5    Damages and Insurance and Condemnation Proceeds.

4.5.1    Trustor hereby absolutely and irrevocably assigns to Beneficiary, and authorizes the payor to pay to Beneficiary, the following claims, causes of action, awards, payments and rights to payment: (i) all awards of damages and all other compensation payable directly or indirectly because of a condemnation, proposed condemnation or taking for public or private use which affects all or part of the Property or any interest in it; (ii) all other awards, claims and causes of action arising out of any warranty affecting all or any part of the Property, or for damage or injury to or decrease in value of all or part of the Property or any interest in it; (iii) all proceeds of any insurance policies payable because of loss sustained to all or part of the Property; and (iv) all interest which may accrue on any of the foregoing.

### 4.6    Use of Proceeds by Trustor.

4.6.1    If, in any instance, each and all of the following conditions are satisfied in Beneficiary's reasonable judgment, Beneficiary shall permit Trustor to use the balance of the proceeds assigned and deposited with Beneficiary under the preceding Section 4.5 ("**Net Claims Proceeds**") to pay costs of repairing or reconstructing the Property in the manner described below:

(a)    The plans and specifications, cost breakdown, projected construction costs, construction contract, construction schedule, contractor and payment and performance bonds for the work of repair or reconstruction must all be reasonably acceptable to Beneficiary.

(b)    Beneficiary must receive evidence satisfactory to it that after repair or reconstruction and the completion of construction, the outstanding balance of all Secured Obligations will not exceed sixty-five percent (65%) of the value of the Property.

(c)    The Net Claims Proceeds must be sufficient in Beneficiary's determination to pay for the total cost of repair or reconstruction, including all associated development costs and interest projected to be payable on the Secured Obligations until the repair or reconstruction is complete; or Trustor must provide its own funds in an amount equal to the difference between the Net Claims Proceeds and a reasonable estimate, made by Trustor and found acceptable by Beneficiary, of the total cost of repair or reconstruction.

(d)    No Event of Default shall have occurred and be continuing.

4.6.2    If the foregoing conditions are met, Beneficiary shall hold the Net Claims Proceeds in a non interest-bearing account and shall disburse them to Trustor to pay costs of repair or reconstruction, on such terms and subject to such conditions as are reasonably established by Beneficiary to govern disbursement of funds, including without limitation providing evidence of costs, percentage completion of repair or reconstruction, application of payments and satisfaction of mechanics' liens. However, if Beneficiary determines that the foregoing conditions are met and

the Net Claims Proceeds exceed the costs of repair and reconstruction of the Property or if Beneficiary determines that one or more of the foregoing conditions are not satisfied, then Beneficiary shall apply the Net Claims Proceeds contained in the interest bearing account to pay or prepay (without premium) some or all of the Secured Obligations in such order and proportions as Beneficiary in its sole, absolute and unfettered discretion may choose.

 4.6.3 Trustor hereby specifically, unconditionally and irrevocably waives all rights of a property owner granted under California Code of Civil Procedure § 1265.225(a) which provides for allocation of condemnation proceeds between a property owner and a lien holder, and any other law or successor statute of similar import.

 4.6.4 Nothing herein contained shall be deemed to excuse Trustor from repairing or maintaining the Property as provided in Section 4.3 hereof or restoring all damage or destruction to the Improvements, regardless of whether or not there are insurance proceeds available or whether any such proceeds are sufficient in amount, and the application or release by Beneficiary of any insurance proceeds shall not cure or waive any default or notice of default under this Deed of Trust or invalidate any act done pursuant to such notice.

 4.7 <u>Liens</u>. If any claim of lien is recorded which affects the Property or the Loan, Trustor shall, within twenty (20) days after such recording or service: (i) pay and discharge the same; (ii) effect the release thereof by recording or delivering to Beneficiary a surety bond in form and amount satisfactory to Beneficiary; or (iii) provide Beneficiary with other assurance (including appropriate title endorsements) which Beneficiary, in its sole discretion, deems to be satisfactory for the payment of such lien or bonded stop notice and for the full and continuous protection of Beneficiary from the effect thereof. If Trustor fails to remove any lien on the Property or the Loan, and fails to provide satisfactory security in lieu of removal of such lien as provided in (ii) above and fails to provide Beneficiary with the assurances as provided in (iii) above, Beneficiary may pay such lien or may contest the validity thereof, may pay all costs and expenses of contesting the same, including attorneys' fees, and Trustor shall reimburse Beneficiary on demand for all payments made and costs and expenses incurred by Beneficiary in doing so.

 4.8 <u>Trustee's Power</u>. Trustee may, at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and the Note secured hereby for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby or the effect of this Deed of Trust upon the remainder of said Property: (i) reconvey any part of said Property; (ii) consent in writing to the making of any map or plat thereof; (iii) join in granting any easement thereon; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof.

 4.9 <u>Beneficiary's Power</u>. Beneficiary, without affecting the liability of any other person liable for the payment of any obligation herein mentioned, and without affecting the lien or charge of this Deed of Trust upon any portion of the Land not then or theretofore released as security for the full amount of all unpaid obligations, may from time to time and without notice: (i) release any person so liable; (ii) extend the maturity or alter any of the terms of any such obligation; (iii) grant other indulgences; (iv) release or reconvey, or cause to be released or reconveyed at any time at Beneficiary's option, any parcel, portion or all of the Property; (v) take or release any other

additional security for any obligation herein mentioned; (vi) make compositions or other arrangements with debtors in relation thereto; or (vii) advance additional funds to protect the security hereof and pay or discharge the obligations of Trustor hereunder or under the Loan Documents, and all amounts so advanced, with interest thereon at the rate per annum in effect from time to time under the Note, shall be secured hereby.

4.10    Reconveyance by Trustee. Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and the Note to Trustee for cancellation and retention and upon payment by Trustor of Trustee's fees, Trustee shall reconvey to Trustor, or the person or persons legally entitled thereto, without warranty, any portion of the Property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in any reconveyance may be described as "the person or persons legally entitled thereto."

## ARTICLE 5
## ADDITIONAL COVENANTS

5.1    Acceleration on Sale.

5.1.1    Trustor understands that in making the loan evidenced by the Note, Beneficiary is relying upon the continuing interest which Trustor has in the Property. Accordingly, except as expressly provided herein or in any of the Loan Documents to the contrary, in the event that Trustor, without the prior written consent of Beneficiary, directly or indirectly, voluntarily or involuntarily, sells, assigns, transfers, disposes of or sublets or agrees to sell, assign, transfer, dispose of or sublet all or any portion of or any interest in the Property whether by outright sale, deed, installment sale contract, land contract, contract for deed, ground lease or any other leases, lease-option contract, or by sale, assignment or sublease, or transfers of any beneficial interest in or to any land trust holding title to the Property, or by any other method of conveyance of an interest in the Property, or in the event that any direct and(or) indirect owner of Trustor sells, assigns, transfers or disposes of any interest in Trustor, then the same shall be deemed to increase the risk of Beneficiary, and Beneficiary may then, or at any time thereafter, declare all principal, accrued and unpaid interest and all other charges and fees under the Note immediately due and payable, and may exercise all rights and remedies provided in the Loan Documents.

5.1.2    Beneficiary may condition its consent to a sale or transfer for which consent is required hereunder upon the fulfillment of certain requirements in Beneficiary's sole and absolute discretion, including, without limitation, an increase in the interest rates under the Note and(or) the requirement for additional guarantors of the Loan.

## ARTICLE 6
## DEFAULT; REMEDIES

6.1    Events of Default. Each of the following events shall constitute an event of default by Trustor hereunder (each, an "**Event of Default**"):

6.1.1    Trustor's failure to pay when due any of the Indebtedness, including any payment due under the Note;

6.1.2    The occurrence of a default or an "Event of Default" under any other Loan Documents beyond any applicable notice and cure period;

6.1.3    Seizure or forfeiture of the Property, or any portion thereof, or Trustor's interest therein, resulting from criminal wrongdoing or other unlawful action of Trustor, its affiliates, or any tenant in the Property under any federal, state or local law.

6.2    Acceleration Upon Default; Additional Remedies. At any time after any Event of Default, Beneficiary may declare all indebtedness secured hereby to be due and payable and the same shall thereupon become due and payable without any presentment, demand, protest or notice of any kind. Thereafter, Beneficiary may:

6.2.1    Either in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court and without regard to the adequacy of its security, enter upon and take possession of the Property, or any part thereof, in its own name or in the name of Trustee, and do any acts which it deems necessary or desirable to preserve the value, marketability or rentability of the Property, or part thereof or interest therein, increase the income therefrom or protect the security hereof and, with or without taking possession of the Property, sue for or otherwise collect the rents, issues and profits thereof, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection (including attorneys' fees) upon any indebtedness secured hereby, all in such order as Beneficiary may determine. The entering upon and taking possession of the Property, the collection of such rents, issues and profits, and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done in response to such default or pursuant to such notice of default and, notwithstanding the continuance in possession of the Property or the collection, receipt and application of rents, issues or profits, Trustee or Beneficiary shall be entitled to exercise every right provided for in any of the Loan Documents or by law upon the occurrence of any Event of Default, including the right to exercise the power of sale.

6.2.2    Commence an action to foreclose this Deed of Trust as a mortgage, appoint a receiver, and/or specifically enforce any of the covenants hereof.

6.2.3    Exercise any or all of the remedies available to a secured party under the California Uniform Commercial Code.

6.2.4    Deliver to Trustee a written declaration of default and demand for sale, and a written notice of default and election to cause Trustor's interest in the Property to be sold, which notice Trustee or Beneficiary shall cause to be duly filed for record in the official records of the county in which the Property is located.

6.3    Foreclosure by Power of Sale. If Beneficiary elects to foreclose by exercise of power of sale under Subsection 6.2.4, Beneficiary shall notify Trustee and shall deposit with Trustee this Deed of Trust and the Note and such receipts and evidence of expenditures made and secured hereby as Trustee may require.

6.3.1    Upon receipt of such notice from Beneficiary, Trustee shall cause to be recorded, published and delivered to Trustor such notice of default and election to sell as then

required by law and by this Deed of Trust. Trustee shall, without demand on Trustor, after lapse of such time as may then be required by law and after recordation of such notice of default and after notice of sale having been given as required by law, sell the Property at the time and place of sale fixed by it in said notice of sale, either as a whole, or in separate lots or parcels or items as Trustee shall deem expedient, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States payable at the time of sale. Trustee shall deliver to such purchaser or purchasers thereof its good and sufficient deed or deeds conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including, without limitation, Trustor, Trustee or Beneficiary, may purchase at such sale and Trustor hereby covenants to warrant and defend the title of such purchaser or purchasers.

6.3.2    After deducting all costs, fees and expenses of Trustee and of this Deed of Trust, including costs of evidence of title in connection with sale, Trustee shall apply the proceeds of sale first to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the rate per annum in effect from time to time under the Note, then to payment of all other Secured Obligations, and the remainder, if any, to the person or persons legally entitled thereto.

6.3.3    Trustee may postpone the sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement or subsequently noticed sale, and without further notice make such sale at the time fixed by the last postponement, or may, in its discretion, give a new notice of sale.

6.3.4    The power of sale under this Deed of Trust shall not be exhausted by any one or more sales (or attempts to sell) as to all or any portion of the Property remaining unsold, but shall continue unimpaired until all of the Property has been sold by exercise of the power of sale herein contained and all indebtedness of Trustor to Beneficiary under the Deed of Trust, the Note or other Loan Documents has been paid in full.

6.4    <u>Appointment of Receiver</u>. If an Event of Default has occurred and is continuing, Beneficiary as a matter of right and without notice to Trustor or anyone claiming under Trustor, and without regard to the then value of the Property or the interest of Trustor therein, shall have the right to apply, by ex parte motion or otherwise, to any court having jurisdiction to appoint a receiver or receivers of the Property, and Trustor hereby irrevocably consents to such appointment and waives notice of any application therefor. Any such receiver or receivers shall have all the usual powers and duties of receivers in like or similar cases, including, without limitation, taking immediate possession, custody and control of the Property, securing, operating, managing, controlling and conducting the Property, caring for, preserving and maintaining the Property, and incurring any costs and expenses necessary for such purposes. Any such receiver or receivers shall also have all the powers and duties of Beneficiary in case of entry as provided in Section 6.2.1 above. Any such receiver or receivers shall continue in such capacity and exercise all such powers until the date of confirmation of sale of the Property unless such receivership is sooner terminated.

6.5    Remedies Not Exclusive. Trustee and Beneficiary, and each of them, shall be entitled to enforce payment and performance of any of the Secured Obligations and to exercise all rights and powers under this Deed of Trust or under any Loan Document or other agreement or any laws now or hereafter in force, notwithstanding that some or all of the Secured Obligations may now or hereafter be otherwise secured, whether by mortgage, deed of trust, pledge, lien, assignment or otherwise. Neither the acceptance of this Deed of Trust nor its enforcement, whether by court action or pursuant to the power of sale or other powers herein contained, shall prejudice or in any manner affect Trustee's or Beneficiary's right to realize upon or enforce any other security now or hereafter held by Trustee or Beneficiary, it being agreed that Trustee and Beneficiary, and each of them, shall be entitled to enforce this Deed of Trust and any other security now or hereafter held by Beneficiary or Trustee in such order and manner as they or either of them may in their absolute discretion determine. No remedy herein conferred upon or reserved to Trustee or Beneficiary is intended to be exclusive of any other remedy herein or by law provided or permitted, but each shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. Every power or remedy given by any of the Loan Documents to Trustee or Beneficiary, or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Beneficiary, and either of them may pursue inconsistent remedies.

6.6    Request for Notice. In accordance with California Civil Code §2924b, Trustor hereby requests copy of any notice of default and that any notice of sale hereunder be mailed to it at the address set forth in the first Section of this Deed of Trust.

## ARTICLE 7
## MISCELLANEOUS

7.1    Governing Law. This Deed of Trust shall be governed by the laws of the State of California, except to the extent federal law applies. In the event that any provision or clause of any of the Loan Documents conflicts with applicable laws, such conflicts shall not affect other provisions of such Loan Documents which can be given effect without the conflicting provision, and to this end the provisions of the Loan Documents are declared to be severable. This instrument cannot be waived, changed, discharged or terminated orally, but only by an instrument in writing signed by the party against whom enforcement of any waiver, change, discharge or termination is sought.

7.2    Trustor Waiver of Rights. To the extent permitted under applicable law, Trustor waives: (i) the benefit of all laws now existing or that hereafter may be enacted providing for any appraisement before sale of any portion of the Property; (ii) any applicable statute of limitations; and (iii) the benefit of all laws that may hereafter be enacted in any way extending the time for the enforcement of the collection of the Note or the debt evidenced thereby or creating or extending a period of redemption from any sale made in collecting such debt. To the full extent Trustor may do so, Trustor agrees that Trustor will not at any time insist upon, plead, claim or take the benefit or advantage of any law now or hereafter in force providing for any appraisement, valuation, stay, extension or redemption, and Trustor, for Trustor, Trustor's heirs, devisees, representatives, successors and assigns, and for any and all persons ever claiming any interest in the Property, to

the extent permitted by law, hereby waives and releases all rights of redemption, valuation, appraisement, stay of execution, notice of election to mature or declare due the whole of the secured indebtedness and marshaling in the event of foreclosure of the liens hereby created. If any law referred to in this Section 7.2 and now in force, of which Trustor, Trustor's heirs, devisees, representatives, successors and assigns or other person might take advantage despite this Section 7.2, shall hereafter be repealed or cease to be in force, such law shall not thereafter be deemed to preclude the application of this Section 7.2.

7.3     Statements of Trustor. Trustor, within ten (10) days after request by Beneficiary, shall furnish to Beneficiary a written statement stating the unpaid principal of and interest on the Note and any other amounts secured by this Deed of Trust, and stating whether any offset or defense exists against such principal and interest.

7.4     Notices. Whenever Beneficiary, Trustor or Trustee desire to give or serve any notice, demand, request or other communication with respect to this Deed of Trust, each such notice, demand, request or other communication shall be in writing and shall be effective only if the same is delivered by personal service or mailed by registered mail, postage prepaid, return receipt requested, addressed to the address set forth at the beginning of this Deed of Trust. Any party may at any time change its address for such notices by delivering or mailing to the other parties hereto, as aforesaid, a notice of such change.

7.5     Attorneys' Fees. If Beneficiary refers this Deed of Trust or any of the other Loan Documents to an attorney to enforce, construe or defend the same, or as a consequence of any Event of Default as defined in this Deed of Trust, with or without the filing of any legal action or proceeding, Trustor shall pay to Beneficiary, immediately upon demand, the amount of all attorneys' fees and costs incurred by Beneficiary in connection therewith, together with interest thereon from the date of such demand at the rate of interest applicable to the principal balance of the Note. The reference to "attorneys' fees" in this Section 7.5, elsewhere in this Deed of Trust and in all of the other Loan Documents shall include, without limitation, fees charged by Beneficiary for the services furnished by attorneys who are in its employ, at rates not exceeding those that would be charged by outside attorneys for comparable services.

7.6     Acceptance by Trustee. Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

7.7     Captions. The captions or headings at the beginning of each Section hereof are for the convenience of the parties and are not a part of this Deed of Trust.

7.8     Invalidity of Certain Provisions. If the lien of this Deed of Trust is invalid or unenforceable as to any part of the debt, or if the lien is invalid or unenforceable as to any part of the Property, the unsecured or partially secured portion of the debt shall be completely paid prior to the payment of the remaining and secured or partially secured portion of the debt, and all payments made on the debt, whether voluntary or under foreclosure or other enforcement action or procedure, shall be considered to have been first paid on and applied to the full payment of that portion of the debt which is not secured or not fully secured by the lien of this Deed of Trust. If

any provision of the Loan Documents shall be deemed void or unenforceable, it shall not affect the validity of the remaining provisions thereof which shall be considered severable.

7.9     <u>Non-Waiver</u>. The acceptance by Beneficiary of any sum after the same is due shall not constitute a waiver of the right either to require prompt payment when due of all other sums hereby secured or to declare a default as herein provided. The acceptance by Beneficiary of any sum in an amount less than the sum then due shall be deemed an acceptance on account only and upon the condition that it shall not constitute a waiver of the obligation of Trustor to pay the entire sum then due, and Trustor's failure to pay said entire sum then due shall be and continue to be a default notwithstanding such acceptance of such amount on account, as aforesaid, and Beneficiary or Trustee shall be at all times thereafter and until the entire sum then due shall have been paid, and notwithstanding the acceptance by Beneficiary thereafter of further sums on account, or otherwise, entitled to exercise all rights in this instrument conferred upon them, or either of them, upon the occurrence of a default, and the right to proceed with a sale under any notice of default, and election to sell, shall in no way be impaired, whether any of such amounts are received prior or subsequent to such notice. Consent by Beneficiary to any transaction or action of Trustor which is subject to consent or approval of Beneficiary hereunder shall not be deemed a waiver of the right to require such consent or approval to future or successive transactions or actions. At any time and from time to time, without liability therefor and without notice, and without releasing or otherwise affecting the liability of any person for payment of any indebtedness hereby secured: (i) Beneficiary at its sole, absolute and unfettered discretion may extend the time for, or release any person now or hereafter liable for, payment of any or all such indebtedness, or accept or release additional security therefor, or subordinate the lien or charge hereof; or (ii) Trustee, upon written request of Beneficiary and presentation of the Note and any additional note(s) and this Deed of Trust for endorsement, may reconvey any part of said Property, consent to the making of any map or plat thereof, join in granting any easement thereof, or join in any such agreement of extension or subordination.

7.10    <u>Time is of the Essence</u>. Time is of the essence in connection with all obligations of Trustor under this Deed of Trust.

        **IN WITNESS WHEREOF**, this Deed of Trust has been executed by Trustor and is effective as of the date first written above.

                            **TRUSTOR:**


                    By:  _____
                            Jared H Scarth

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA)
COUNTY OF _Riverside_ )

On _10/2/17_ before me, _Ixmalzin Kassandra Ali_ Notary Public, personally appeared ✓ _JARED H. SCARTH_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Ixmalzin Kali_ _____ (Seal)

IXMALZIN KASSANDRA ALI
COMM. # 2199346
NOTARY PUBLIC - CALIFORNIA
RIVERSIDE COUNTY
COMM. EXPIRES MAY 28, 2021

# EXHIBIT D

**DOC # 2020-0299549**
07/09/2020 10:45 AM Fees: $111.00
Page 1 of 5
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: TERESA #134

Recording Requested By:
First American Title Insurance Company

When Recorded Mail To:
**First American Title Insurance Company**
**4795 Regent Blvd, Mail Code 1011-F**
**Irving, TX 75063**

APN:          961-430-054-2
**Property Address:  31222 MANGROVE**
**DRIVE**

TEMECULA, CA
92592

---

TS No. :     **CA1800282924**
TSG No. :    **8728620**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS
APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY

- NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**Pursuant to California Civil Code Section 2924c(b)(1) please be advised of the following:**

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT
ACTION,** and you may have the legal right to bring your account into good standing by paying all of
your past due payments plus permitted costs and expenses within the time permitted by law for
reinstatement of your account, which is normally five business days prior to the date set for the sale of
your property. No sale date may be set until approximately 90 days from the date this Notice of
Default may be recorded (which date of recordation appears on this notice).

This amount is $     **30,560.01** as of **07/01/2020,** and will increase until your account becomes
current.

TS No.:          **CA1800282924**      TSG No. :    **8728620**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**PROMINENCE CAPITAL PARTNERS**
**c/o First American Title Insurance Company**
**4795 Regent Blvd, Mail Code 1011-F**
**Irving, TX 75063**
**866-429-5179**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

DOC #2020-0299549  Page 3 of 5

TS No.:        **CA1800282924**            TSG No. :    **8728620**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED
## OF TRUST

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT
TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That **First American Title Insurance Company** is either the original trustee, the duly appointed substitute trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **10/02/2017**, executed by:

**JARED H SCARTH, AN INDIVIDUAL,**

as Trustor(s) to secure certain obligations in favor of **PROMINENCE CAPITAL PARTNERS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY** as Beneficiary, recorded **10/05/2017**, (as Instrument No.) 2017-0413611, (in Book) , (Page)  of Official Records in the Office of the Recorder of **RIVERSIDE COUNTY, CALIFORNIA** describing land therein as:
**AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST**

said obligations including ONE NOTE FOR THE ORIGINAL sum of $  **17,250.00.**

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**THE UNPAID PRINCIPAL BALANCE OF 18,466.00 PLUS ACCRUED INTEREST AT 15.00% WHICH BECAME ALL DUE AND PAYABLE ON 2/2/2018, PLUS SUBSEQUENT DELINQUENCIES; ANY ADVANCES MADE BY THE BENEFICIARY PLUS INTEREST THEREON FROM THE DATES MADE; ATTORNEYS' FEES PLUS INTEREST, PLUS SUBSEQUENT ATTORNEYS' FEES WHICH MAY BECOME DUE AND PAYABLE; PLUS SUBSEQUENT TRUSTEE'S FEES AND EXPENSES WHICH MAY BECOME DUE AND PAYABLE. NOTHING IN THIS NOTICE OF DEFAULT SHOULD BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE TERMS OF THE SUBJECT LOAN DOCUMENTS.**

TS No.:      **CA1800282924**          TSG No. :   **8728620**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

That by reason thereof, the present beneficiary under such deed of trust, or its agent, has delivered to said duly appointed Trustee, a written request to commence foreclosure, and has deposited with said duly appointed Trustee, a copy of the deed of trust and other documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: **JUL 01 2020**
_____

                                        **First American Title Insurance Company**
                                        **4795 Regent Blvd, Mail Code 1011-F**
                                        **Irving TX 75063**

                                        By: _____
                                                                (signature)
                                        Name: _____

                                        Title: _____
                                                    Tommy Rossum
                                                    Authorized Signatory

**First American Title Insurance Company MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

**See Attached Declaration**

**CALIFORNIA CONTACT OR DUE-DILIGENCE DECLARATION**
(CIV. CODE § 2923.5(c))

Borrower(s):        JARED H SCARTH, AN INDIVIDUAL
TS Number:          CA1800282924
Property Address:   31222 MANGROVE DRIVE,
                    TEMECULA, CA 92592

The undersigned mortgage servicer representative declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. The mortgage servicer's business records reflect *one* of the following:

☒     The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.5. Thirty days, or more, have passed since the initial contact was made.

☐     The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.5(e) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐     The mortgage servicer was not required to comply with California Civil Code § 2923.5 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐     No contact was made because the above referenced loan is not subject to the provisions of California Civil Code § 2923.5 pursuant to the terms of Civil Code § 2924.15.

Executed on *MAR 22* 20*18* at *Glendale*, *CA*.

CHRISTOPHER TURGEL

By _____
[NAME OF SIGNER]

ATTACHMENT TO NOTICE OF DEFAULT

# EXHIBIT E

**DOC # 2021-0467602**
08/05/2021 08:53 AM Fees: $99.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Recording Requested By
First American Title Insurance Company

When Recorded & Mail Tax Statements To :
First American Title Insurance Company
4795 Regent Blvd, Mail Code 1011-F
Irving, TX 75063

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: DEYANIRA #293

APN:              961-430-054-2
Property Address  31222 MANGROVE DRIVE
                  TEMECULA CA 92592

Title Order #     8728620
TS Number         CA1800282924

## RESCISSION OF NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

NOTICE IS HEREBY GIVEN: That **First American Title Insurance Company** is duly appointed Trustee under a Deed of Trust dated **10/02/2017**, executed by **JARED H SCARTH, AN INDIVIDUAL**, as Trustor(s), to secure certain obligations in favor of **PROMINENCE CAPITAL PARTNERS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY** as beneficiary, recorded **10/05/2017** as **2017-0413611**, Book Page , of Official Records in the Office of the Recorder of **RIVERSIDE COUNTY, CALIFORNIA** describing land therein as: **31222 MANGROVE DRIVE, TEMECULA, CA, 92592, AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST** said obligations including one note for the sum of $ 17,250.00. Whereas, the present beneficiary under that certain Deed of Trust hereinabove described, heretofore delivered to the Trustee thereunder written Declaration of Default and Demand for Sale; and Whereas, Notice was heretofore given of breach of obligations for which said Deed of Trust is security and of election to cause to be sold the property therein described; and Whereas, a Notice of Default was recorded on the day and in the book and page set forth below:

Notice was recorded on **07/09/2020** in the office of the Recorder of **RIVERSIDE COUNTY, CALIFORNIA**, Instrument No. **2020-0299549** in Book/Page of Official Records.

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that the present Beneficiary, does hereby rescind, cancel and withdraw said Declaration of Default and Demand for Sale and said Notice of Breach and Election to Cause Sale; it being understood, however, that this rescission shall not in any manner be construed as waiving or affecting any breach or default--past, present or future under said Deed of Trust, or as impairing any right or remedy thereunder, but is, and shall be deemed to be, only an election, without prejudice, not to cause a sale to be made pursuant to said Declaration and Notice, and shall nowise jeopardize or impair any right, remedy or privilege secured to the Beneficiary and/or the Trustee, under said Deed of Trust, nor modify nor alter in any respect any of the terms, covenants, conditions or obligations thereof, and said Deed of Trust and all obligations secured thereby are hereby reinstated and shall be and remain in force and effect the same as if said Declaration of Default and Notice of Breach had not been made and given.

Dated: _8/4/2021_

**FIRST AMERICAN TITLE INSURANCE COMPANY AS AGENT FOR THE BENEFICIARY**

By: _____
    Tammy Rossum
    Authorized Signatory

# EXHIBIT F

**DOC # 2022-0476044**
11/18/2022 03:52 PM Fees: $111.00
Page 1 of 5
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Recording Requested By:
First American Title Insurance Company

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: KAREN #277

When Recorded Mail To:
**First American Title Insurance Company**
**4795 Regent Blvd, Mail Code 1011-F**
**Irving, TX 75063**

APN:             961-430-054
**Property Address:**  31222 MANGROVE
**DRIVE**

TEMECULA, CA
92592

TS No. :     CA2200287323
TSG No. :    8774639

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

<u>ATTENTION RECORDER:</u> THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS
APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY

- NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**Pursuant to California Civil Code Section 2924c(b)(1) please be advised of the following:**

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT
ACTION,** and you may have the legal right to bring your account into good standing by paying all of
your past due payments plus permitted costs and expenses within the time permitted by law for
reinstatement of your account, which is normally five business days prior to the date set for the sale of
your property. No sale date may be set until approximately 90 days from the date this Notice of
Default may be recorded (which date of recordation appears on this notice).

This amount is $     48,408.87 as of **11/18/2022,** and will increase until your account becomes
current.

TS No.:          CA2200287323      TSG No. :   8774639

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**PROMINENCE CAPITAL PARTNERS**
**c/o First American Title Insurance Company**
**4795 Regent Blvd, Mail Code 1011-F**
**Irving, TX 75063**
**866-429-5179**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

TS No.:          CA2200287323          TSG No. :   8774639

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED
## OF TRUST

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT
TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That **First American Title Insurance Company** is either the original trustee, the duly appointed substitute trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **10/02/2017**, executed by:

**JARED H SCARTH, AN INDIVIDUAL,**

as Trustor(s) to secure certain obligations in favor of PROMINENCE CAPITAL PARTNERS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY as Beneficiary, recorded 10/05/2017, (as Instrument No.) 2017-0413611, (in Book) , (Page)  of Official Records in the Office of the Recorder of RIVERSIDE COUNTY, CALIFORNIA describing land therein as:
AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST

said obligations including ONE NOTE FOR THE ORIGINAL sum of $   17,250.00.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

THE UNPAID PRINCIPAL BALANCE OF 41,675.00 PLUS ACCRUED INTEREST AT 15.00% WHICH BECAME ALL DUE AND PAYABLE ON 2/2/2018, PLUS SUBSEQUENT DELINQUENCIES; ANY ADVANCES MADE BY THE BENEFICIARY PLUS INTEREST THEREON FROM THE DATES MADE; ATTORNEYS' FEES PLUS INTEREST, PLUS SUBSEQUENT ATTORNEYS' FEES WHICH MAY BECOME DUE AND PAYABLE; PLUS SUBSEQUENT TRUSTEE'S FEES AND EXPENSES WHICH MAY BECOME DUE AND PAYABLE. NOTHING IN THIS NOTICE OF DEFAULT SHOULD BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE TERMS OF THE SUBJECT LOAN DOCUMENTS.

DOC #2022-0476044  Page 4 of 5

TS No.:        CA2200287323          TSG No. :    8774639

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

That by reason thereof, the present beneficiary under such deed of trust, or its agent, has delivered to said duly appointed Trustee, a written request to commence foreclosure,  and has deposited with said duly appointed Trustee, a copy of the deed of trust and other documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 11/10/2022

**First American Title Insurance Company
4795 Regent Blvd, Mail Code 1011-F
Irving TX 75063**

By:_____
                                        (Signature)

Name:_____

Title:_____
                    Tammy Rossum
                    Authorized Signatory

**First American Title Insurance Company MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

See Attached Declaration

**CALIFORNIA CONTACT OR DUE-DILIGENCE DECLARATION**
CIV. CODE § 2923.5(b)

| | |
|---|---|
| Borrower(s): | JARED H SCARTH |
| TS Number: | CA2200287323 |
| Property Address: | 31222 MANGROVE DRIVE |
| | TEMECULA, CA 92592 |

The undersigned mortgage servicer representative declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. The mortgage servicer's business records reflect *one* of the following

1. ☑ The mortgage servicer has contacted the borrower pursuant to Cal. Civil Code §2923.5 (a)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ Despite the exercise of due diligence pursuant to Cal. Civil Code §2923.5(e), the mortgage servicer has been unable to contact the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of §2920.5.

4. ☐ The requirements of Cal. Civil Code §2923.5 do not apply because the borrower, mortgage/deed of trust or real property does not meet the criteria described in Cal. Civil Code §2924.15(a).

5. With respect to Cal. Civil Code §3273.10:

   ☐ The mortgage servicer received a request for a forbearance in connection with COVID-19 from the borrower, and such request was denied. A copy of the written notice is attached; AND forbearance ☐ was or ☐ was not subsequently provided.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence, which the mortgage servicer has reviewed to substantiate that borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Executed on __April 6__ 20_22_ at __Glendora__ , __CA__ .

Christopher Turoci

By: _____ .
[NAME OF SIGNER]

ATTACHMENT TO NOTICE OF DEFAULT

# EXHIBIT G

# EXHIBIT 2

# EXHIBIT 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Gary S. Saunders, Esq. SBN 144385
SAUNDERS & ASSOCIATES, APC
4000 MACARTHUR BLVD., STE. 600
NEWPORT BEACH, CA 92660-2517
TELEPHONE NO.: (949) 844-8445    FAX NO.: (949) 449-8722
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 30755-D Auld
MAILING ADDRESS:
CITY AND ZIP CODE: Murrieta CA 92563
BRANCH NAME: Southwest Justice Center

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 13 2023

J. PRENDERGAST

MAR 15 2023

CASE NAME:
Jared H. Scarth v. Todd L. Turoci et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVSW 2301837 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[✓] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/9/23
Gary S. Saunders, Esq.
(TYPE OR PRINT NAME)    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

FILED    EXHIBIT 1    ORIGINAL

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

# EXHIBIT 3

EXHIBIT 3

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **HEMET** 880 N. State St., Hemet, CA 92543
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☒ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591

**MM 1**

**RI-030**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Gary S. Saunders, Esq. SBN 144385<br>SAUNDERS & ASSOCIATES, APC<br>4000 MACARTHUR BLVD., STE. 600<br>NEWPORT BEACH, CA 92660-2517<br>TELEPHONE NO: **(949) 844-8445**    FAX NO. *(Optional)*: **(949) 449-8722**<br>E-MAIL ADDRESS *(Optional)*: gary@saundersapc.com<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>MAR 1 3 2023<br><br>J. PRENDERGAST<br>CASE NUMBER:<br>CVSW 23 01 83 7 |
| PLAINTIFF/PETITIONER: Jared H. Scarth<br><br>DEFENDANT/RESPONDENT: Todd L. Turoci et al. | |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☐    The action arose in the zip code of: _____

☒    The action concerns real property located in the zip code of:    92592 _____

☐    The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  3/9/23 _____

Gary S. Saunders, Esq. _____    ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)    (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-030 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

FAXED    ORIGINAL

EXHIBIT "3"

# EXHIBIT 4

# EXHIBIT 4

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TODD L. TUROCI, (see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JARED H. SCARTH



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 1 3 2023

J. PRENDERGAST

MAR 1 5 2023  MM 1

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*   Riverside Superior Court

30755-D Auld Road
Murrieta CA 92563

CASE NUMBER:
*(Número del Caso):*  CVSW 2 3 0 1 8 3 7

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gary S. Saunders, Esq., 1891 California Ave, Ste 102, Corona, California 92881; 951-272-9114

DATE:
*(Fecha)*  MAR 1 3 2023

Clerk, by _____, Deputy
*(Secretario)*                                *(Adjunto)*

J. PRENDERGAST

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**
ORIGINAL
EXHIBIT "1"

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jared H. Scarth v. Todd L. Turoci et al. | CVsW23 01 83 7 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

CHRISTOPHER J. TUROCI, THE TUROCI FIRM, INC., WESTERN STAR FINANCIAL, INC., PROMINENCE CAPITAL PARTERS, LLC, and DOES 1-100, INCLUSIVE

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT "4"    Page 2 of 2

# EXHIBIT 5

# EXHIBIT 5

1  GARY A SAUNDERS (SBN 144385)
2  SAUNDERS & ASSOCIATES, APC
   4000 MACARTHUR BLVD., STE. 600
3  NEWPORT BEACH, CA 92660-2517
   Telephone: (949) 844-8445
4  Fax: (949) 449-8722
   Email: gary@saundersapc.com
5

6  Attorney for Plaintiff
7  JARED SCARTH

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                 COUNTY OF RIVERSIDE – CIVIL DIVISION
10

11 JARED SCARTH,                    Case No.: CVSW 2 3 0 1 8 3 7

12            Plaintiffs,           EX PARTE APPLICATION FOR
13                                  TEMPORARY RESTRAINING ORDER
        vs.                         AND ORDER TO SHOW CAUSE RE:
14                                  PRELIMINARY INJUNCTION;
   TODD L. TUROCI, CHRISTOPHER J.   MEMORANDUM OF POINTS AND
15 TUROCI, THE TUROCI FIRM, INC.,   AUTHORITIES; DECLARATIONS OF
   WESTERN STAR FINANCIAL, INC.,    JARED SCARTH AND MARVN POWELL
16 PROMINENCE CAPITAL PARTERS,      IN SUPPORT THEREOF; AND
   LLC, and DOES 1-100, INCLUSIVE   [PROPOSED] ORDER.
17
18
            Defendants.
19                                  Date: March 13, 2023
                                    Time: 8:30 a.m.
20                                  Judge: Angel Bermudez
21                                  Dept.: 5302

22                                  Complaint Filed: March 10, 2023

23                                  Trial Date: Not Yet Set
24
25

26 TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

27 PLEASE TAKE NOTICE that Plaintiff JARED SCARTH ("Plaintiff") hereby makes this

28 application for a Temporary Restraining Order to a Stay Foreclosure and an Order to Show Cause

   regarding why a Preliminary Injunction staying the foreclosure of the property that is the subject

       NOTICE OF EX PARTE APPLICATION AND EX-PARTE APPLICATION FOR A

                    TEMPORARY RESTRAINING ORDER - 1
                         EXHIBIT "5"                    Page 1 of 14

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 13 2023

J. PRENDERGAST

matter of this action, commonly known as 31222 Mangrove Avenue, Temecula, CA 92592 (the

"Subject Property"), and located within the County of Riverside, California, should be granted,

enjoining the foreclosure of the Property pending the outcome of this litigation. This application is

made on the grounds that:

> (1) Plaintiff is entitled to such relief as a statutory remedy under civil code concerning

> mortgages; **or**

> (2) The temporary restraining order and preliminary injunction is necessary to prevent

> great or irreparable injury to Plaintiff; **and**

> (3) Plaintiff will likely be successful in the outcome of this litigation.

Plaintiff has not previously applied to any judicial officer for similar relief. This application

is based on the Court file, the Supporting Declarations of JARED SCARTH and MARVIN POWELL

filed concurrently with this Application, the attached memorandum of points and authorities, oral

argument, and any other evidence presented at the hearing.


DATED: March 10, 2023

SAUNDERS & ASSOCIATES, APC.

By: _____

Gary S. Saunders
Attorney for Plaintiff
JARED SCARTH


NOTICE OF EX PARTE APPLICATION AND EX-PARTE APPLICATION FOR A

TEMPORARY RESTRAINING ORDER - 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Plaintiff JARED SCARTH ("Plaintiff") is the owner of the real property commonly known as 31222 Mangrove Avenue, Temecula, CA 92592 (the "Property"). The Property is Plaintiff's principal residence and home. *See* Declaration of JARED SCARTH ¶ 1 ("Decl. Scarth"). Defendants PROMINENCE CAPITAL PARTNERS, LLC (HEREINAFTER REFERRED TO AS "PROMINENCE") WESTERN STAR FINANCIAL, INC. (hereinafter referred to as "WESTERN"), THE TUROCI LAW FIRM, INC. (hereinafter referred to as "TUROCI FIRM"), CHRISTOPHER TUROCI (hereinafter referred to as "DEFENDANT CHRIS") and TODD TUROCI (hereinafter referred to as "DEFENDANT TODD") (collectively, "Defendants") are proceeding with a non-judicial foreclosure on Plaintiff's Property, after First American Title, on defendant's behalf, recorded a Notice of Default (11/18/22) and Notice of Trustees Sale (2/14/23) with the County Recorder regarding the Property in violation of the Homeowner Bill of Rights ("HBOR") and Cal. Civil Code Provisions affecting mortgage obligations in general.

Pursuant to section Civil Code §2924.12(a)(1), injunctive relief is the specific statutory remedy allowed for a material violation of Civil Code Sections 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11 or 2924.17, prescribing various steps and procedure for issuing Notice of Default and conducting sale.

Plaintiff respectfully requests that this Court grant his Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction pending the outcome of this action because of Defendants' unlawful and reckless conduct.

### II. STATEMENT OF FACTS

PLAINTIFF, JARED SCARTH is a resident of Temecula, County of Riverside, California AND is the legal owner and occupant of the property known and located at 31222 Mangrove Avenue, Temecula, CA 92592 ("Subject Property"). **(Exhibit "A.")**

On or about August 30, 2017, DEFENDANT WESTERN allegedly originated a loan to PLAINTIFF JISD H. SCARTH ("Trustor") with a Deed of Trust ("DOT") not provided to our executed by PLAINTIFF in the amount of $20,000.00 for owner-occupied property. The Deed of Trust was recorded in the official records of County of Riverside as Document No. 2017-036027 on or about August 30, 2017. The loan is in second position. The Trustee was listed as THE TUROCI FIRM, INC., a law firm owned by DEFENDANT TODD.    DEFENDANT WESTERN is owned and operated by DEFENDANT TODD. **(Exhibit "B")**

Upon information and belief, the loan made by WESTERN to PLAINTIFF for $20,000.00 was for the purpose of paying a $20,000.00 legal fee to DEFENDANT TODD for services in filing a Chapter 11 bankruptcy petition for PLAINTIFF which was not successful and eventually dismissed.

Unbeknownst to Trustor, on or about October 2, 2017, DEFENDANT PROMINENCE allegedly secured a loan by a lien on Trustor's property which was memorialized with a Deed of Trust ("DOT") in the amount of $17,250.00 for the owner-occupied property. The Deed of Trust was recorded in the official records of County of Riverside as Document No. 2017-0413611 on or about October 5, 2017. The loan is in third position. The Trustee and Beneficiary was listed as PROMINENCE, a company owned by DEFENDANT CHRISTOPHER, brother of DEFENDANT TODD.  A true and correct copy of the DOT is attached hereto as **Exhibit "C"**.

On or about July 9, 2020, DEFENDANT PROMINENCE caused to be recorded a Notice of Default ("NOD") as Document No. 2020-0299549 in the Official Records of the Riverside County Recorder's Office. The NOD asserted a default by PLAINTIFF on the loan with an original amount of $17,250.00 made by DEFENDANT PROMINENCE to PLAINTIFF TRUSTOR, with a demand of $30,560.01 as of July 1, 2020. A true and correct copy of the NOD is attached hereto as **Exhibit "D"**.

On or about August 5, 2021, FIRST AMERICAN TITLE INSURANCE COMPANY recorded a Recission of Notice of Default and Election to Sell Under Deed of Trust of the Deed of Trust dated October 2, 2017 which was not executed by PLAINTIFF for the $17,250.00 loan. The Recission was

recorded in the official records of County of Riverside as Document No. 2021-0467602. A true and correct copy of the Recission is attached hereto as **Exhibit "E."**

On or about July 9, 2020, DEFENDANT PROMINENCE caused to be recorded a Notice of Default ("NOD") as Document No. 2020-0299549 in the Official Records of the Riverside County Recorder's Office. The NOD asserted a default by PLAINTIFF on the loan with an original amount of $17,250.00 made by DEFENDANT PROMINENCE to PLAINITIFF with a demand of $48,408.87 as of November 18, 2022. A true and copy of the NOD is attached hereto as **Exhibit "F."**

On or about February 14, 2023, FIRST AMERICAN TITLE INSURANCE COMPANY recorded a Notice of Trustee's Sale in the Official Records of the Recorder of Riverside County as Document No. 2023-0041181 on the Deed of Trust recorded October 5, 2017 in the Official Records of the Recorder of Riverside County as Document No. 2017-0413611 with the original amount of $17,250.00. At the time of publication, the amount demanded was $50,385.28. The Subject Property is now scheduled for sale on March 14, 2023. **(Exhibit "G")**

This Action is brought after attempts by PLAINTIFF to resolve the issues with DEFENDANTS regarding both illegal loans. Plaintiff is facing foreclosure on a loan where there was no executed agreement with the party to be charged, namely PLAINTIFF. Further PLAINTIFF was not given any disclosure necessary for loans in California, like an appraisal prior to an encumbrance lien, 1003 application, Final HUD Statement, Amortization Schedule or the providing of any invoices or statements of monies owed or monies paid, which are all required for all mortgage type loans

Plaintiff was never provided with any notice that First American Title Insurance Company had replaced or represented defendant PROMINENCE as an agent for PROMINENCE as the trustee on the Deed of Trust. In addition, Defendants never recorded any notice or assignment of substitution of trustee for the Deed of Trust. As such the NOD was void. (Decl. Scarth ¶ 12).

At no time prior to recording of the Notice of Default did PROMINENCE, TUROCI FIRM, CHRIS, TODD, the beneficiary, or their agents contact Plaintiff, in person or by telephone, to notify him, follow up telephonically, or advise Plaintiff of his right to a meeting. (Decl. Scarth ¶¶ 10, 11, 12).

PROMINENCE, TUROCI FIRM, CHRIS, TODD, the beneficiary, or their agents were required to include in the Notice of Default, a declaration that Plaintiff was contacted to assess his financial situation and to explore options to avoid foreclosure, or list the efforts made to contact him. While it appears that such an affidavit was made, there is no record that will corroborate this and the form fails to refer to any of the requisite notices or list any efforts that were made. Despite statement of compliance, Plaintiff was never contacted on to discuss any options to avoid foreclosure. (Decl. Scarth ¶ 15).

Further, pursuant to California *Civil Code* § 2923.5, a trustee may not file a Notice of Default pursuant to California *Civil Code* § 2924, *et seq.*, until thirty (30) days after satisfying the due diligence requirements outlined above. As Plaintiff was never contacted by PROMINENCE, TUROCI FIRM, CHRIS, TODD, the beneficiary, or their agents, they failed to comply with California *Civil Code* §§ 2923.5 and 2924 *et seq.*, and the recorded Notice of Default on Plaintiff's Property is void. (Decl. Scarth ¶ 16).

PROMINENCE, TUROCI FIRM, CHRIS, TODD, the beneficiary, or their agents were required to send Plaintiff a first-class letter that included a toll-free number for HUD to find a HUD-certified housing counseling agency. Moreover, after the letter has been sent, efforts must be made to contact the borrower by telephone at least three times, at three hours and in different ways; Defendants did not attempt to contact the borrower with an automated system that connects the borrower to a live representative; and no certified letter was sent to the borrower. If the borrower did not respond within two weeks; the borrower must be provided a means for the borrower to contact the lender in a timely manner; and there must be a posted prominent link to the lender or servicer's homepage of its internet website.

On or around February 14, 2023, First American Title, on behalf of Prominence, recorded a Notice of Trustee's Sale ("NOTS") of Plaintiff's Property (**Exhibit G**) scheduled to be conducted on March 14, 2023 at 9:00 AM.

As such, a controversy has arisen between Plaintiff and Defendants because of Defendants' failure to provide accurate material disclosures and notices so that Plaintiff can cure any alleged default and extinguish the transaction by operation of law. Defendants are acting in concert to deprive Plaintiff of him civil and property rights by attempting to take his Property without due process of law.

### III. ARGUMENTS AND AUTHORITIES

**A. Plaintiff is Entitled to a Temporary Restraining Order as the Specific Statutory Remedy for Defendant's Violation of Civil Code Provisions Concerning Mortgages.**

Pursuant to section Civil Code §2924.12(b)(b):

> After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

Pursuant to this section, injunctive relief is the specific statutory remedy provided for a material violation of the Civil Code Sections which prescribe the various steps and procedure for issuing Notice of Default and conducting sale, steps and procedure which Defendants have failed to comply.

Therefore, the Court should grant petitioners request for a Temporary Restraining Order and OSC for Preliminary Injunction.

**B. Temporary Restraining Order is Also Appropriate Based Upon Common Law Elements**

Plaintiff may seek a temporary restraining order ("TRO") on *ex parte* notice to maintain the status quo and prevent irreparable injury pending a hearing on the request for a preliminary injunction. *CAL. CODE CIV. PROC.* § 527(c). The elements necessary before issuing a TRO are

well known and established as:

(1) The likelihood that Plaintiff will succeed on the merits of its claim at trial; and,

(2) The harm that Plaintiff will suffer if the TRO does not issue, balanced against the

harm Defendants are likely to suffer if it does issue.

*Robbins v. Superior Court* (1985) 38 Cal.3d 199, 206; *IT Corp. v. County of Imperial* (1983) 35

Cal.3d 63, 69-70.

Generally, a Plaintiff is required to demonstrate that he will suffer immediate and irreparable

injury due to the inadequacy of other legal remedies. *People ex rel. Gow v. Mitchell Brothers' Santa*

*Ana Theater* (1981) 118 Cal.App.3d 863, 870-871. California *Code of Civil Procedure* § 526 provides

that a temporary restraining order and preliminary injunction may be granted when it "appears by the

complaint or affidavits that the commission or continuance of some act during the litigation would

produce waste, or great or irreparable injury, to a party to the action.

Irreparable harm is often related to an "inadequate legal remedy" where relief is cannot be

granted unless a party is injured in a way which cannot later be repaired. *People ex rel. Gow.*, *supra*,

118 Cal.App.3d at 870-71. In addition, the threat of "irreparable harm" must be imminent, as opposed

to a mere possibility of harm sometime in the future, in that the threat "must be supported by actual

evidence that there is a realistic prospect that the party enjoined intends to engage in the prohibited

activity. *Korean Philadelphia Presbyterian Church v. California Presbytery* (2000) 77 Cal.App.4th

1069.

Furthermore, real property is deemed "unique" so that injury or loss cannot be compensated in

damages and injunctive relief is therefore readily granted. CAL. *CIV. CODE* § 3387. Preliminary

injunctions may be granted to preserve the status quo pending trial on the merits. *Continental Baking*

*Co. v. Katz* (1968) 68 Cal.App.2d 512; *see also* CAL. CIV. CODE § 526(a)(6).

A TRO is necessary and required in this case, as: (1) Plaintiff will prevail on the underlying

merits of this case as Defendants have already committed numerous wrongful acts against Plaintiff,

including dual tracking while Plaintiff's complete loan modification application is pending review

and proceeding with the non-judicial foreclosure; (2) Plaintiff will suffer immediate and irreparable

harm unless Defendants are enjoined; and (3) the relief sought will have no adverse effect on

Defendants' interest or the publics' interest. *Tyler v. County of Alameda* (1995) 34 Cal.App.4th

777, 782-783.

This current action involves Plaintiff's real property and principal residence, which is

unique. The threat of harm is imminent, as Defendants seek to unlawfully foreclose on and remove

Plaintiff from his Property. If Defendants are allowed to proceed with the wrongful foreclosure,

Plaintiff will suffer irreparable damage in that he will lose title, possession, and rights to the

Property. If Defendants are allowed to proceed with the wrongful foreclosure on March 14, 2023,

the status quo will not be maintained.

Therefore, granting a temporary restraining order until a hearing for a preliminary

injunction to stay the trustee's sale set for March 14, 2023, will maintain the status quo until this

matter can be decided. As the current civil issue involves rights of title and possession of the

Property the threat of harm is imminent, Plaintiff requests that this ex *parte* Application be granted

and that a Temporary Restraining Order be issued to stay the trustee's sale, until a hearing on the

preliminary injunction can be heard. In order to prevent irreparable injury to Plaintiff, it is

necessary for this Court to order a Temporary Restraining Order and an Order to Show Cause why

a Preliminary Injunction should not be granted.

***1. Plaintiff will Prevail on the Merits as Defendants have Committed Numerous***

***Wrongful and Unlawful Acts.***

An injunction should be granted where it is "reasonably probable that the moving party will

prevail on the merits" of a claim. CAL. *CODE CIV. PROC.* § 526(a)(1); *see also, San Francisco*

*Newspaper Printing Co., Inc. v. Sup.Ct. (Miller)* (1985) 170 Cal.App.3d 438. Plaintiff will more

than likely be successful in the claims listed in the Complaint.

Defendants have clearly failed its duties and obligations under the HBOR. Plaintiff's claim under California *Business and Professions Code* § 17200 is predicated upon Defendants' violations of the HBOR. The HBOR was designed to protect homeowners from unfair practices by banks and mortgage companies and to help consumers and communities cope with the state's urgent mortgage and foreclosure process.

Defendants have violated the HBOR by recording a Notice of Default ("NOD") in violation of HBOR's pre-NOD outreach requirements and dual tracking by initiating non-judicial foreclosure proceedings while Plaintiff is pending review of their complete loan modification application. On January 1, 2013, the Homeowner Bill of Rights ("HBOR I") made numerous amendments and additions to the pre-foreclosure process applicable to owner occupied first lien mortgage loans. On January 1, 2018, certain provisions of HBOR I were eliminated, some provisions were altered, and some provisions remained untouched ("HBOR II"). Subsequently, on January 1, 2019, certain provisions of HBOR II were altered to resemble HBOR I ("HBOR III"). Regardless, the HBOR III is still designed to protect homeowners from unfair practices by banks and mortgage companies and to help consumers and communities cope with the state's urgent mortgage and foreclosure process. HBOR III requires a thirty (30) day pre-foreclosure notification and consultation process prior to the initiation of the non-judicial foreclosure process. CAL. *CIV. CODE* §§ 2923.5, 2924.17, and 2923.55. Lenders are required to provide an actual proposal for a loan modification if the borrower submits a completed application for a modification during the specified notification and due diligence periods. CAL. *CIV. CODE* §§ 2923.55, 2923.6, and 2924.18. Lenders are required to provide a single point of contact for all communications about foreclosure and modification. CAL. *CIV. CODE* § 2923.7. There is a prohibition on dual tracking by lenders, which prevents the lender from initiating or proceeding with the non-judicial foreclosure while the application for a modification is being processed. CAL. *CIV. CODE* § 2923.6.

Further, following the denial of a first lien loan modification application, the mortgage

servicer shall send a written notice to the borrower identifying the reasons for denial, including (1)

the amount of time from the date of letter to in which the borrower may request an appeal of the denial;

(2) if the denial was based on investor disallowance, the specific reasons for the investor

disallowance; (3) if the denial is the result of net present value calculation, the monthly gross

income and property value used to calculate the net present value; (4) if applicable, a finding that

the borrower was previously offered a first lien loan modification and failed to successfully make

payments under the terms of the modified loan; and (5) if applicable, a description of the other

foreclosure prevention alternatives for which the borrower may be eligible, and a list of steps

borrower must take in order to be considered for those options. CAL. *CIV. CODE* § 2923.6(f).

If the borrower's loan modification application for a first lien loan modification is denied,

the borrower shall have at least 30 days from the date of the written denial to appeal the denial and

to provide evidence that the mortgage servicer's determination was in error. CAL. *CIV. CODE* §

2923.6(d).

     If the borrower's application for a first lien loan modification is denied, the mortgage

servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default,

record a notice of trustee's sale, or conduct a trustee's sale until the later of: (1) 31 days after the

borrower is notified in writing of the denial. (2) If the borrower appeals the denial, the later of 15

days after the denial of the appeal or 14 days after a first lien loan modification is offered after

appeal but declined by the borrower, or, if the loan modification is offered and accepted after

appeal, the date on which the borrower fails to timely submit the first payment or otherwise

breaches the terms of the offer. CAL. *CIV. CODE* § 2923.6(e).

In this case, Defendants' initiation of the non-judicial foreclosure process has been rife with

material violations of the Homeowner Bill of Rights. Defendants cannot prove that the non-judicial

foreclosure proceedings have complied with the statutory requirements of the Homeowner Bill of

Rights.

Plaintiff was never provided with any notice that First American Title Insurance Company had replaced the previous trustee as the trustee on the Deed of Trust. As such, Defendants violated *Civil Code* §§ 2932.5 and 2924, *et seq.*, which makes the NOD void as a result thereof. Defendants also did not provide Plaintiff with the pre-notice rights prior to recording the Notice of Default on Plaintiff's Property.

Pursuant to California *Civil Code* §§ 2924.12(a) and 2924.18, Plaintiff seeks an order enjoining Defendants from proceeding with the trustee's sale set for March 14, 2023. As Defendants have clearly violated Plaintiff's rights under HBOR, Plaintiff respectfully requests that the Court enjoin the non-judicial foreclosure.

### 2. Plaintiff Will Suffer Irreparable Harm that Cannot be Compensated by Money Damages if an Injunction Does Not Issue.

California *Code of Civil Procedure* § 526(a)(4) states an injunction is proper "[w]hen pecuniary compensation would not afford adequate relief. When Plaintiff files a claim for Declaratory relief and pecuniary compensation would not afford adequate relief, "injunctive relief may be granted in a declaratory relief action". *Los Angeles County v. State Dept. Of Public Health* (1958) 158 Cal.App.2d 425, 427. Courts have found that irreparable harm is often equated with an inadequate legal remedy, such as where a party will be significantly hurt in a way that cannot be later repaired. *People ex rel. Gow, supra,* 118 Cal.App.3d at 870-871. As such, preliminary relief in the form of a TRO and/or preliminary injunction is appropriate where the threat of irreparable harm is imminent and "supported by actual evidence that there is a realistic prospect that the party enjoined intends to engage in the prohibited activity." *Korean Philadelphia Presbyterian Church, supra,* 77 Cal.App.4th 1069.

Moreover, real property is unique, such that injury or loss due to eviction cannot be compensated in damages. CAL. *CODE CIV. PROC.* § 3387. As such, injunctive relief is not only appropriate, it is preferred. Indeed, a preliminary injunction is designed to preserve the status quo

pending trial on the merits, and to prevent irreparable injury. *See Continental Baking Co., supra*, 68 Cal.2d 512; CAL. *CODE CIV. PROC.* § 526(a)(6). Courts have evaluated interim harm as the "consideration of such things as the inadequacy of other remedies, the degree of irreparable harm, and the necessity of preserving the status quo." *Abrams v. St. John's Hospital & Health Center* (1994) 25 Cal.App.4th 628, 636. In addition, in "evaluating interim harm, the trial court compares the injury to plaintiff in the absence of an injunction to the injury the defendant is likely to suffer if an injunction is issued. *Shoemaker v. County of Los Angeles* (1995) 37 Cal.App.4th 618, 633.

If the trustee's sale is allowed to proceed before this action is resolved, Plaintiff will suffer great and irreparable injury in that Plaintiff will lose title to his Property, be rendered homeless, and may lose his rights in this action and any claim to the Property. Moreover, Plaintiff will be displaced from the Property, which is unique in that it is Plaintiff's personal and primary residence. No amount of money damages can compensate Plaintiff for the loss of his home, even if only for a short time.

Plaintiff alleges a claim for violation of the Homeowner Bill of Rights in her Complaint in that Defendants failed to satisfy their pre-NOD outreach requirements and engaged in dual tracking the loan modification review and non-judicial foreclosure. Thus, allowing Defendants to proceed with its unlawful foreclosure and trustee's sale when Plaintiff has properly pled a claim under the Homeowner Bill of Rights would result in irreparable harm to Plaintiff. As such, a Temporary Restraining Order staying the trustee's sale set for March 14, 2023, should be granted until such time as the controversy of each party's right to the Property may be determined. Moreover, the Court granting a restraining order and preliminary injunction staying the trustee's sale will preserve the status quo pending the resolution of this action.

///

///

## IV. CONCLUSION

For the foregoing reasons, Plaintiff JARED SCARTH respectfully requests that this Court

issue an order restraining Defendants PROMINENCE CAPITAL PARTERS, LLC, and its agents,

servants, and employees, from proceeding with foreclosure and trustee's sale set for March 14, 2023,

and an order to show cause why a preliminary injunction should not be granted enjoining Defendants

and its agents, servants, and

employees from foreclosing on the Loan or selling the Property at a trustee's sale or otherwise

during the pendency of this action.


DATED: March 10, 2023

                                        SAUNDERS & ASSOCIATES, APC.

                                        By: _____

                                            Gary S. Saunders
                                            Attorney for Plaintiff
                                            JARED SCARTH

# EXHIBIT 6

# EXHIBIT 6

1 | GARY A SAUNDERS (SBN 144385)
2 | SAUNDERS & ASSOCIATES, APC
  | 4000 MACARTHUR BLVD., STE. 600
3 | NEWPORT BEACH, CA 92660-2517
  | Telephone: (949) 844-8445
4 | Fax: (949) 449-8722
  | Email: gary@saundersapc.com
5 |
6 | Attorney for Plaintiff,
  | JARED SCARTH

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 1 3 2023

J. PRENDERGAST

MM1
MAR 1 5 2023

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF RIVERSIDE – CIVIL DIVISION**

10 | JARED SCARTH,

11 |                     Plaintiffs,

12 |            vs.

13 |

14 | TODD L. TUROCI, CHRISTOPHER J.
   | TUROCI, THE TUROCI FIRM, INC.,
15 | WESTERN STAR FINANCIAL, INC.,
   | PROMINENCE CAPITAL PARTERS, LLC,
16 | and DOES 1-100, INCLUSIVE
17 |
   | Defendants.
18 |

CASE NO.: CVSW 2301837

**DECELARATION OF NOTICE
REGARDING EX-PARTE APPLICATION
FOR TEMPORARY RESTRAINING ORDER**

Date: March 15, 2023
Time: 8:30 a.m.
Judge: Angel Bermudez
Dept.: S302

Complaint Filed: March 10, 2023

Trial Date: Not Yet Set

22 | I, Marvin Powell, state and declare as follows:

23 | 1.  I am an individual over the age of 18 who resides and works in the County of Riverside and is

24 |     not a party to the above entitled action. If called as a witness, I could competently testify

25 |     thereto.

26 | 2.  I offer my declaration in support of Plaintiff's Ex Parte Application for Temporary Restraining

27 |     Order and Order to Show Cause Why Preliminary Injunction Should Not Be Issued

28 |     ("Application").

**NOTICE OF EX PARTE APPLICATION AND EX-PARTE APPLICATION FOR A**

**TEMPORARY RESTRAINING ORDER - 1**

EXHIBIT "6"                                    Page 1 of 2

FAXED ORIGINAL

3. On the dates and times as follows, I informed the following parties of the Application and the tentative hearing of it to be held on Monday March 13, 2023 at _____ in dept _____ of the Superior Court, Riverside County located at 30755-D Auld Road Murrieta, CA. 92563

  a. Friday, March 10, 2023, at approximately 10:30 AM, First American Title Insurance Company, agents of Defendant's PROMINENCE, by telephone (866-429-5179). I spoke with Diane who requested that moving papers be forwarded either by fax 714-824-4994 or email fatssdirect@firstam.com.

  b. Friday, March 10, 2023, at approximately 10:50AM, Christ Turoci of Prominence Capital Partners, LLC by telephone (626-991-9085). I spoke with Chris Truoci who requested moving papers to be sent to chris@pro-capllc.com (member of PROMINENCE) and chris@turoci.net (individual/personal).

4. The Defendants in this matter were given Notice of this Ex-Parte Application in accordance with California Rules of Court rules as follows:

The notice given, including the date, time, manner and name of party informed, the relief sought, any response and whether opposition is expected and that, within the applicable time under rule 3.1203, the applicant informed the opposing party where and when the application would be made;

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 10, 2023

Marvin Powell

**NOTICE OF EX PARTE APPLICATION AND EX-PARTE APPLICATION FOR A**

**TEMPORARY RESTRAINING ORDER - 2**

# EXHIBIT 7

# EXHIBIT 7

1   GARY A SAUNDERS (SBN 144385)
    SAUNDERS & ASSOCIATES, APC
2   4000 MACARTHUR BLVD., STE. 600
    NEWPORT BEACH, CA 92660-2517
3   Telephone: (949) 844-8445
4   Fax: (949) 449-8722
    Email: gary@saundersapc.com
5   Attorney for Plaintiffs
6   JARED SCARTH

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF RIVERSIDE – CIVIL DIVISION

10

11  JARED SCARTH and              Case No. CV5W 2301837
    SCARTH,
12                                DECLARATION OF JARED SCARTH
            Plaintiffs,
13
14          vs.

15  TODD L. TUROCI, CHRISTOPHER J.
    TUROCI, THE TIROCI FIRM, INC.,
16  WESTERN STAR FINANCIAL, INC.,
    PROMINENCE CAPITAL PARTERS,
17  LLC, and DOES 1-100, INCLUSIVE

18          Defendants.

19
    I, Jared Scarth, state and declare as follows:
20
21      1.      I am a party to this action and owners of the real property known and located at

    31222 Mangrove Avenue, Temecula, in Riverside County CA 92592.
22
23      2.      I have personal knowledge of the facts set forth herein. If called upon as a

24  witness, I could competently testify thereto.

25
        3.      I offer this declaration in support of the COMPLAINT and EX PARTE
26
    APPLICATION FOR TEMORARY RESTRAINING ORDER AND ORDER TO SHOW
27
    CAUSE RE: PRELIMINARY INJUNCITON ("Application").
28

                                        1

1       4.     On or about August 30, 2017, WESTERN STAR FINANCIAL, INC.

2  (hereinafter referred to as "WESTERN") originated a loan to PLAINTIFF SCARTH ("Trustor")

3  which was memorialized with a Deed of Trust ("DOT") in the amount of $20,000.00 for the

4  owner-occupied property. WESTERN is owned and operated by TODD TUROCI.

5       5.     The purpose of the loan was to pay for the attorney fees for Chapter 11

6  bankruptcy attorney fees to TODD TUROCI.

7

8       6.     I did not sign a waiver of any conflict I had with TODD TUROCI for borrowing

9  money from him to pay his legal fees.

10

11      7.     I did not receive the disclosures for loans necessary for items in Number 10.

12      8.     The Deed of Trust was recorded in the official records of County of Riverside as

13  Document No. 2017-036027 on or about August 30, 2017. The loan was in second position. The

14  Trustee was listed as The Turoci Firm, Inc., a law firm owned by DEFENDANT, TODD

15  TUROCI, ESQ., who is admitted to practice before all of the Courts of California (hereinafter

16  referred to as "DEFENDANT TODD")

17      9.     On or about August 2017 I allegedly took a loan on the subject property in the

18  amount of $17,250.00 with PROMINENCE CAPITAL PARTNERS, LLC (hereinafter referred

19  to as "PROMINENCE"), a limited liability company formed under the laws of the State of

20  California in order to pay the legal bill for my business. PROMINENCE is owned and operated

21  by DEFENDANT CHRISTOPHER.

22      10.    After orally executing the loan agreements I never received any confirmation of

23  terms or statements in the mail from Todd Turoci or Chris Turoci regarding the loans.

24  Specifically, I have never received any of the following:

25

26          a.  Promissory Note

27          b.  Loan Agreement

28          c.  Loan Application

d.  Executed 1003 Application

e.  HUD, RESPA, & TILA

f.  Amortization Schedule

g.  Appraisal

h.  Escrow Documents

i.  Escrow Final Accounting

j.  Receipts for any payments

11.    A few months ago in 2023, about 1 year after BK discharge, Chris sent a text (SMS) message informing me of a balance due of $100,000.

12.    I Did not receive any regularly occurring statement of servicing, accounting, loan balance, interest or amortization.

13.    I have fulfilled my obligations under the agreements.

14.    The terms of the agreement do not support the amount of the balance due according to Christopher's text message. Christopher has inflated the principal, cost or interest of the loan and has also misstated or misconstrues loan terms of the non-written non-executed loan.

15.    On or about November 18, 2022, PROMINANCE CAPITAL PARTNERS, filed or caused to be filed a NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST with the Riverside County Recorder's office identified as DOC # 2022-0476044. The NIOTICE OF DEFAULT claims a balance due on the account in the amount of $48,408.87.

16.    Prior to such recording, I did not receive any contact from the lender or servicer to assess my financial situation and explore options for me to avoid foreclosure.

1    17.    The home is occupied by me, my wife and our eight children. It is our only

2  residence and we would have not permanent shelter to relocate to if displaced by a wrongful

3  foreclosure.

4

5    I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

6

7    Executed at Temecula, California, this 9th  day of March, 2023.

8

9    JARED SCARTH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT 8

# EXHIBIT 8

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:**   CVSW2301837

**Case Name:**   SCARTH vs TUROCI

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Angel M. Bermudez in Department S302  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 03/13/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by:  _____
      J. Prendergast, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# EXHIBIT 9

# EXHIBIT 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:**    CVSW2301837

**Case Name:**    SCARTH vs TUROCI

Gary Scott Saunders
4000 MACARTHUR BLVD STE 600
NEWPORT BEACH, CA 92660

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 09/11/2023 | 8:30 AM | Department S302 |
| Location of Hearing: | | |
| **30755-D Auld Road, Murrieta, CA 92563** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-954-8695 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

EXHIBIT "9"    Page 1 of 13





Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/13/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by: _____

J. Prendergast, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:**  CVSW2301837

**Case Name:**  SCARTH vs TUROCI

JARED SCARTH

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/11/2023 | 8:30 AM | Department S302 |
| Location of Hearing: 30755-D Auld Road, Murrieta, CA 92563 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-954-8695 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/13/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by: _____
J. Prendergast, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:**   CVSW2301837

**Case Name:**   SCARTH vs TUROCI

TODD L TUROCI

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/11/2023 | 8:30 AM | Department S302 |
| Location of Hearing: | | |
| 30755-D Auld Road, Murrieta, CA 92563 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-954-8695 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)



Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.



Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/13/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by: _____

J. Prendergast, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:** CVSW2301837

**Case Name:** SCARTH vs TUROCI

CHRISTOPHER J TUROCI

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/11/2023 | 8:30 AM | Department S302 |
| Location of Hearing: 30755-D Auld Road, Murrieta, CA 92563 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-954-8695 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/13/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court

by: _____

J. Prendergast, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:**    CVSW2301837

**Case Name:**    SCARTH vs TUROCI

WESTERN STAR FINANCIAL INC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/11/2023 | 8:30 AM | Department S302 |
| Location of Hearing: 30755-D Auld Road, Murrieta, CA 92563 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-954-8695 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





| Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.


Dated: 03/13/2023                                        MARITA C. FORD,
                                                          Interim Court Executive Officer/Clerk of the Court



                                                         by: _____

                                                          J. Prendergast, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563
www.riverside.courts.ca.gov

**Case Number:**   CVSW2301837

**Case Name:**   SCARTH vs TUROCI

PROMINENCE CAPITAL PARTERS LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/11/2023 | 8:30 AM | Department S302 |
| Location of Hearing: 30755-D Auld Road, Murrieta, CA 92563 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-954-8695 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/13/2023

MARITA C. FORD,
Interim Court Executive Officer/Clerk of the Court


by: _____
J. Prendergast, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVSW2301837


Saunders, Gary Scott
4000 MACARTHUR BLVD STE 600
NEWPORT BEACH, CA 92660

SCARTH, JARED

TUROCI, CHRISTOPHER J

TUROCI, TODD L

PROMINENCE CAPITAL PARTERS LLC

WESTERN STAR FINANCIAL INC

# EXHIBIT 10

# EXHIBIT 10

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
### Southwest Justice Center
### Ex Parte Hearing re: Temporary Restraining Order

03/15/2023
8:30 AM
Department S302

**CVSW2301837**
**SCARTH vs TUROCI**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**

CHRISTOPHER J TUROCI is present In Person, represented by PRO PER
SCARTH, JARED [PLA] represented by Gary Saunders present (Telephonically).

At 08:54 AM, the following proceedings were held:
Court has read and considered Ex Parte Application.
Plaintiff's Counsel indicates client has filed bankruptcy.
Case stayed pending bankruptcy.
Hearing off calendar.

# EXHIBIT 11

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVSW2301837: SCARTH vs TUROCI

Civil

Unlimited Civil Breach of Contract/Warranty

Southwest Justice Center Department S302

Status: Stayed

---

| Complaints | File Date | Disposition |
|---|---|---|
| Complaint for Breach of Contract/Warranty (Over $25,000) of JARED SCARTH | 03/13/2023 | |
| Plaintiff(s) | Defendant(s) | |
| JARED SCARTH | TODD L TUROCI | |
| ATT: Saunders & Associates | CHRISTOPHER J TUROCI | |
| | WESTERN STAR FINANCIAL INC | |
| | PROMINENCE CAPITAL PARTERS LLC | |

---

| Date | Action |
|---|---|
| 03/13/2023 | Complaint for Breach of Contract/Warranty (Over $25,000)<br>Filed By: JARED SCARTH |
| 03/13/2023 | Civil Case Cover Sheet<br>Filed By: JARED SCARTH |
| 03/13/2023 | Certificate of Counsel.<br>Filed By: JARED SCARTH |
| 03/13/2023 | Summons Issued and Filed<br>Filed By: JARED SCARTH |
| 03/13/2023 | Case assigned to Department:<br>Department S302 |
| 03/13/2023 | Ex Parte re: Temporary restraining order on Complaint for Breach of Contract/Warranty (Over $25,000) of JARED SCARTH<br>Filed By: JARED SCARTH |
| 03/13/2023 | Proposed Order re: Ex Parte on Complaint for Breach of Contract/Warranty (Over $25,000) of JARED SCARTH |
| 03/13/2023 | Declaration Regarding Notice of Ex-Parte Application on Complaint for Breach of Contract/Warranty (Over $25,000) of JARED SCARTH<br>Filed By: JARED SCARTH |
| 03/13/2023 | Declaration of Jared Scarth<br>Filed By: JARED SCARTH |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVSW2301837: SCARTH vs TUROCI

Civil

Unlimited Civil Breach of Contract/Warranty

Southwest Justice Center Department S302

Status: Stayed

| Date | Action |
|------|--------|
| 03/13/2023 | Payment: $450.00,  JARED SCARTH, for SCARTH, JARED, Receipt: 20230313-00555 |
| 03/13/2023 | Notice of Department Assignment |
| 03/13/2023 | Notice of Case Management Conference |
| 03/13/2023 | Payment: $60.00,  , for SCARTH, JARED, Receipt: 20230313-00572 |
| 03/15/2023 | Minute Order: Ex Parte Hearing re: Temporary Restraining Order |
| 03/15/2023 | Ex Parte Hearing re: Temporary Restraining Order at 8:30 AM in Department S302 Honorable Angel M. Bermudez, Judge<br>A. Behrmann, Courtroom Assistant<br>Court Reporter: None<br>APPEARANCES:<br>CHRISTOPHER J TUROCI is present In Person, represented by PRO PER<br>SCARTH, JARED [PLA] represented by Gary Saunders present (Telephonically).<br>At 08:54 AM, the following proceedings were held:<br>Court has read and considered Ex Parte Application.<br>Plaintiff's Counsel indicates client has filed bankruptcy.<br>Case stayed pending bankruptcy.<br>Hearing off calendar. |
| 09/11/2023 | Case Management Conference at 8:30 AM in Department S302 |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 17701 Cowan, Bldg. D., Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1452** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 6, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Rod Danielson (TR)    notice-efile@rodan13.com**
- **Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com**
- **Benjamin Heston    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net**
- **Brandon J Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com**
- **Ali Matin    ali.matin@usdoj.gov, carolyn.k.howland@usdoj.gov**
- **Valerie Smith    claims@recoverycorp.com**
- **United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov**
- **Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com**

☐    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) April 6, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 6, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Wayne Johnson, USBC, 3420 Twelfth Street, Suite 384, Riverside, CA 92501

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 6, 2023 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

5

**SERVED BY UNITED STATES MAIL and Email:**

**Counsel to Jared H. Scarth**
Gary A. Saunders, Esq.
SAUNDERS & ASSOCIATES, APC
4000 MacArthur Blvd., Suite 600
Newport Beach, CA 92660-2517
gary@saundersapc.com


**Defendants**
Todd L. Turoci
c//o The Turoci Firm, Inc.
3845 10th Street
Riverside, CA 92501-3519
mail@theturocifirm.com

Christopher J. Turoci
974 Sandstone Drive
Glendora, CA 91740

Western Star Financial, Inc.
c/o Todd Turoci, Agent for Service of Process
3845 10th Street
Riverside, CA 92501

6