1  Bradley A. Patterson, Esq.  (Cal. State Bar No. 155482)
    E-Mail:  bapatterson@lgilaw.com
2  LGI LLP
   LAWYERS GROUP INTERNATIONAL
3  1 PARK PLZ STE 600
   IRVINE CA  92614-5987
4    Telephone:  +1.949.253.0500

5  Attorneys for Specially Appearing Defendants
   Christopher J. Turoci and Prominence Capital Partners, LLC

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No. 6:23-bk-12742-WJ |
| JARED HUNTER SCARTH, | Chapter 13 |
| Debtor. | Adv. No. 6:23-ap-01033-WJ |
| JARED H. SCARTH, | **NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANTS CHRISTOPHER J. TUROCI AND PROMINENCE CAPITAL PARTNERS, LLC TO DISMISS THE COMPLAINT IN THIS ADVERSARY ACTION FOR FAILURE TO TIMELY EFFECT SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Plaintiff, | |
| vs. | |
| TODD L. TUROCI; CHRISTOPHER J. TUROCI; WESTERN STAR FINANCIAL, INC.; PROMINENCE CAPITAL PARTNERS, LLC; and DOES 1 through 100, inclusive, | [Fed. R. Civ. P. 4(m) and 12(b)(5)] |
| Defendants. | Hearing:<br>Date:  November 9, 2023<br>Time:  1:30 P.M.<br>Place:  United States Bankruptcy Court<br>       Courtroom 304<br>       3420 Twelfth Street<br>       Riverside, CA  92501 |

**TO PLAINTIFF JARED H. SCARTH AND TO HIS ATTORNEY OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on November 9, 2023, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 304 of the United States Bankruptcy Court, which is located at 3420 Twelfth Street; Riverside, CA 92501, Specially Appearing Defendants Christopher J. Turoci and Prominence Capital Partners, LLC (together, "Defendants") will and hereby do move the Court for an order dismissing the complaint in this adversary action, without prejudice, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 12(b)(5), on the grounds that Plaintiff has failed to timely effect service of process on Defendants.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, any reply memorandum that may be filed, all pleadings and files in this matter, all matters of which the Court may or must take judicial notice, and upon such other and further oral or documentary evidence as may be presented at the hearing on this Motion.

DATED: October 6, 2023

LGI LLP
LAWYERS GROUP INTERNATIONAL

By_____
    Bradley A. Patterson
Attorney for Specially Appearing Defendants
Christopher J. Turoci and Prominence Capital Partners, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

Plaintiff has failed to effect service of process on any of the Defendants within the requisite time frame and has failed to demonstrate good–or any–cause for failing to do so despite the issuance of an Order to Show Cause re: Dismissal issued by this Court. This adversary action should therefore be dismissed, without prejudice.

## 2. FACTS.

Plaintiff filed this action in the Riverside County Superior Court on March 13, 2023. On March 14, 2023, Plaintiff, as debtor, filed a Chapter 13 Petition in this Court, case number 6:23-bk-10960-WJ. On April 6, 2023, Defendants timely removed this action to this Court.

Case 10960 was later dismissed on procedural grounds. Plaintiff refiled a Chapter 13 Petition in this Court, which was assigned case number 6:23-bk-12742-WJ, which is pending at present.

Plaintiff has failed to serve process on any of the Defendants despite the passage of almost 7-months since this action was originally filed and six-months since the action was removed to this Court.

## 3. ARGUMENT.

### A. Defendant's Removal Was a Special Appearance and Did Not Relieve Plaintiff of His Obligation to Effect Service of Process.

The Supreme Court has repeatedly held that the filing of a notice of removal is a special appearance and does not waive any challenges to service of process.

In *Wabash Western Ry. v. Brow* (1896) 164 U.S. 271, 279 [17 S.Ct. 126, 128, 41 L.Ed. 431], the Court held: "the filing of a petition for removal does not amount to a general appearance, but to a special appearance only."

In *Employers Reinsurance Corp. v. Bryant* (1937) 299 U.S. 374, 376 [57 S.Ct. 273, 274, 81 L.Ed. 289], the Court went further and held:

Obtaining the removal from the state court into the federal court did not operate as a general appearance by the defendant and, as the service of process against it proved invalid and it declined to appear voluntarily, the federal court plainly was without personal jurisdiction of the defendant, although in other respects having jurisdiction of the suit.

B. <u>Plaintiff Failed to Effect Service of Process Within the Requisite Time Frame</u>.

By statute, failure of service of process is a ground for a specially appearing defendant to move for dismissal of a complaint. Plaintiff only had 90-days in which to serve process on Defendants. That time period ran on July 6, 2023–three months ago, thus warranting dismissal of the complaint.

Fed. Rules Civ.Proc., rule 12(b)(5), provides as a ground for dismissal, "insufficient service of process." Here, not only was the insufficient service of process, there has been no service of process at all.

Fed. Rules Civ.Proc., Rule 4(m), provides the time limits in which a plaintiff must effect service of process. That rule sets forth in relevant part:

> **Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In a case from the Southern District of Florida factually similar to what has occurred here, *In re Trasylol Products Liability Litigation* (S.D. Fla., Mar. 8, 2011, No. 08-MD-01928) 2011 WL 830287, the district court found that removal was a special appearance and after plaintiff failed to effect timely service of process following removal, the case was dismissed.

/ / /

1   In this action, the Court issued an Order to Show Cause re: Dismissal. Plaintiff has shown no cause, never mind good cause, for failing to effect service of process. In fact, the only statement on Plaintiff's intentions in this action is to seek remand to the Superior Court, yet despite the passage of six-months, Plaintiff has failed to file such a motion and has taken zero steps to prosecute this action.

**4.    CONCLUSION.**

Six-months have elapsed with no action by Plaintiff in prosecuting this action. Pursuant to Rule 4(m), since service of process was not accomplished timely, this action should be dismissed, in its entirety, as to all Defendants, without prejudice.

DATED: October 6, 2023                LGI LLP
                                      LAWYERS GROUP INTERNATIONAL

                                      By_____
                                          Bradley A. Patterson
                                      Attorney for Specially Appearing Defendants
                                      Christopher J. Turoci and Prominence Capital
                                      Partners, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
LGI LLP; 1 PARK PLZ STE 600; IRVINE, CALIFORNIA  92614

A true and correct copy of the foregoing document entitled (*specify*): Motion to Dismiss for Failure to Effect Service of Process; Memorandum of Points and Authorities in Support Thereof
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/06/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Rod Danielson (TR) notice-efile@rodan13.com
- Benjamin Heston bhestonecf@gmail.com
- Bradley A Patterson bapatterson@lgilaw.com
- Todd L Turoci mail@theturocifirm.com; • United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/06/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Judge Wayne Johnson, in Chambers

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/06/2023 | Bradley A. Patterson | *(signed)* B.A. Patterson |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                            F 9013-3.1.PROOF.SERVICE